RIPPLE, Circuit Judge.
 

 Following its disposition of an appeal arising out of Chapter 11 reorganization proceedings, the district court,
 
 sua sponte,
 
 imposed sanctions under Fed.R.Civ.P. 11 against Levit & Mason, Ltd. (“L & M”), the attorneys for the Creditors’ Committee of Ronco Teleproducts, Inc. (“Creditors’ Committee” or “Committee”), who brought the appeal from the underlying bankruptcy proceeding. L & M now appeals the imposition of Rule 11 sanctions,
 
 [1]
 
 arguing that
 
 *214
 
 the district court abused its discretion. For the reasons set forth in the following opinion, we vacate the judgment of the district court imposing sanctions against L & M and remand the case for further proceedings.
 

 I
 

 Background
 

 The district court proceeding in which sanctions were imposed was an appeal taken by L & M, as attorneys for the Creditors’ Committee, from a bankruptcy court ruling that established the validity, priority and amount of liens held by First National Bank of Chicago and Wells Fargo Bank (jointly referred to as “the Banks”) in the accounts receivable and inventory of Ron-co, Inc. (“Ronco”) and other affiliated corporations (collectively referred to as “Debtors”).
 
 [2]
 

 A.
 
 Bankruptcy Court Proceedings
 

 The bankruptcy court’s' ruling was entered after a hearing on February 24, 1984, that had been set for the purpose of determining the validity of the perfection of the Banks’ security interest in certain property of the Debtors. At that hearing, L & M— after having been retained as counsel for the Creditors’ Committee that day
 
 [3]
 
 — requested the court to reschedule the lien perfection hearing because it had not had adequate time to prepare for it. The motion was denied and the hearing proceeded. “[T]he issue before the Bankruptcy Court was whether goods shipped to out-of-state retailers (but not yet sold by them) represented
 
 sales
 
 by Ronco (thus creating accounts receivable with perfected liens) or merely out-of-state Ronco
 
 inventory
 
 on consignment (and hence property subject only to unperfected liens, which in the present context means no liens at all).”
 
 In re Ronco, Inc.,
 
 46 B.R. 444, 449 (N.D.Ill. 1985) (emphasis in original) (footnotes omitted). After hearing the evidence, the bankruptcy court ruled that the Banks’ liens had been validly perfected against the Debtors’ estate.
 

 B.
 
 Appeal to the District Court
 

 In its appeal to the district court, L & M argued on behalf of the Committee that: 1) the bankruptcy judge erred by not granting a continuance of the February 24,1984, hearing on the issue of the validity of liens asserted against the Debtors’ estate because the Creditors’ Committee had no adequate opportunity to prepare; and 2) the bankruptcy court’s finding that Ronco’s transactions with its out-of-state customers were based on “sale or return” contracts rather than consignments was erroneous. The district court stated, in reference to these arguments, that “not even surface merit attaches to any of Committee’s challenges.”
 
 Id.
 
 at 447-48. “In 42 pages of memoranda ... Committee neither asserts
 
 *215
 
 the Decision’s substantive
 
 result
 
 was incorrect nor suggests any real basis for a different result.”
 
 Id.
 
 at 447 (emphasis in original).
 

 1.
 

 The district court first addressed the Committee’s contention that the bankruptcy court erred by refusing to allow a continuance of the hearing scheduled for February 24, 1984. The Committee had argued that, because the court had only approved its retention of L & M as its counsel on the day of the hearing, L & M was unprepared to represent the interests of the entire group of Ronco Teleproducts, Inc. creditors on the lien perfection issue. The district court classified that argument in L & M’s brief to that court as “disingenuous, because Committee inexcusably makes no mention of Levit & Mason’s significant involvement in the case
 
 before
 
 the Hearing.”
 
 Id.
 
 at 448 (emphasis in original). “That statement of ‘facts’ and accompanying argument were unquestionably designed to convey the impression Committee’s counsel were new to the case, caught off guard and forced into a shotgun hearing without an opportunity to prepare.”
 
 Id.
 
 The court then proceeded to point out that, in its view, L & M had adequate opportunity to prepare for the hearing on the narrow issue of the Banks’ lien perfection. “Levit & Mason’s failure to exercise their full opportunity to prepare was scarcely grounds for a continuance.”
 
 Id.
 
 The district court concluded that “[t]aken all in all, Committee has failed to show the slightest harm from the denial of a continuance, and has unwittingly demonstrated the wisdom of that denial,
 
 id.
 
 at 449, “by failing to suggest, in the time between the February 24 hearing and the district court’s opinion, any “shred of relevant evidence or a single argument that was not presented on its behalf at the original Hearing,”
 
 id.
 
 at 448.
 

 2.
 

 In determining whether the bankruptcy court erred in finding that the Banks had perfected liens on the Debtors’ property, the district court considered several issues.
 
 [4]
 
 First, it addressed the Committee’s argument that the testimony admitted for the purpose of establishing that Ronco engaged in “guaranteed sales” with some retailers violated the statute of frauds. The district court expressed its view that “[the] Committee totally misstates (or misapprehends) the significance and effect of UCC § 2-236(4) [dealing with ‘sale or return’ contracts and the statute of frauds],” and concluded that “the problem is not one of the statute of frauds at all."
 
 Id.
 
 at 450. Rather, continued the district court, there might have been a “best evidence” problem but, if so, it had been waived by the Committee’s failure to raise it in the bankruptcy court. “In short the first of Ronco’s contentions — that based on the statute of frauds — has proved empty.”
 
 Id.
 
 Next, the district court turned to the Committee’s argument that new evidence had surfaced since the hearing to show that the contracts were not “sale or return” contracts. Addressing that argument, the district court stated:
 

 Committee’s assertion of “new evidence” is as disingenuous as its arguments for a continuance. It says Ronco has incurred expenses for shipping returned goods to Illinois, supposedly implying those goods were initially delivered on consignment. But characterizing that information as “new evidence” is a total distortion, for the fact Ronco regularly paid such return expenses was specifically discussed at the February 3 hearing, even by Levit himself.'
 

 Id.
 
 at 450-51 (citations omitted). The district court concluded that the evidence was available and known to the parties well before the February 24th hearing, and that
 
 *216
 
 the “Committee’s non-new ‘new evidence’ would not alter the result in any event.”
 
 Id.
 
 at 451.
 

 With respect to the substantive issue of whether the contracts were “sale or return” or consignment contracts, the district court stated: “[0]nly a brief review of the law is required to demonstrate an equal (or greater) lack of merit in the argument the Contracts were not sales giving rise to accounts receivables (and therefore subject to Banks’ liens).”
 
 Id.
 
 “Committee cites not a single case in support of the position that the Contracts might be held consignment arrangements, and ... its single statutory cite is inapposite. Similarly, this Court’s independent research has revealed not a single authority in support of the Committee’s position.”
 
 Id.
 
 The district court then explained that the evidence — especially the parties’ course of dealing— pointed unequivocally to the conclusion that the contracts were “sale or return” contracts giving rise to accounts receivable.
 

 3.
 

 In summary, the district court stated: This appeal is the sort of case that makes laymen question the law, lawyers and courts. It has dragged on for nearly eight months, generated well over 100 pages of briefs, consumed hours of this Court’s time, and undoubtedly cost the parties thousands of dollars in attorney’s fees and other expenses. All that expenditure of time and money has occurred despite the ultimate conclusion the appeal is as groundless as one could imagine.
 

 Id.
 
 at 452. Accordingly, the district court directed L & M to address the applicability of Fed.R.Civ.P. 11 to their handling of the appeal. “Because Committee’s procedural and evidentiary arguments are so groundless, because on the uncontroverted evidence the Contracts are so unquestionably for sale or return, and because the entire conduct of the appeal ... carries the implication of delaying tactics or other impermissible purpose, a substantial inference of improper purpose is warranted.”
 
 Id.
 
 at 452-53.
 

 C.
 
 Rule 11 Determination
 

 L & M filed a memorandum addressing the Rule 11 question and filed a motion to alter or amend the initial opinion. The court issued a second memorandum opinion and order on the Rule 11 issue and denied the motion to alter or amend.
 
 [5]
 
 The court found that L & M had fallen far short of the objective standard of Rule 11:
 

 Examination of the essential objective facts reflects that:
 

 1. Levit & Mason have and had no tenable argument for their ‘consignment’ position.
 

 2. Whatever arguments they did raise in their memoranda were both groundless and misleading.
 

 3. They never really attempted to comply with the lien hearing schedule, apparently preferring to assume they could ignore that process and then reopen the matter on appeal.
 

 Id.
 
 at 457. The district court noted that, in its Rule 11 memorandum, “Levit & Mason ... assert they have a colorable argument that the transactions by the debtors (as sellers) ought to be treated — as to the sellers’ creditors, not the buyers’ creditors — as consignments rather than sale-or-return transactions.”
 
 Id.
 
 The court stated: “First, nothing in the UCC or the case law supports their position[;] ... [sjecond, the assertion
 
 [supra
 
 ] they now advance was never even hinted at in their briefs before this Court_”
 
 Id.
 
 The district court concluded that “Levit & Mason have failed utterly to meet the requirement that their appeal on Committee’s behalf was well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.”
 
 Id.
 
 at 458. Accordingly, the district court ordered L & M to reimburse the
 
 *217
 
 Banks for attorneys’ fees attributable to the issues decided by the initial opinion.
 
 [6]
 

 Id.
 

 II
 

 Discussion
 

 A.
 
 Rule 11 Sanctions
 

 Rule 11 sanctions are properly imposed when a “pleading, motion, or other paper” is not “well grounded in fact [or] warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, [or] ... is ... interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.” Fed.R.Civ.P. 11. “The test under Rule 11 is objective: litigation must be grounded in an objectively reasonable view of the facts and the law, and, if it is not, the lawyer or party proceeding recklessly must foot the bill.”
 
 Colan v. Cutler-Hammer, Inc.,
 
 812 F.2d 357, 360 n. 2 (7th Cir.),
 
 cert. denied,
 
 — U.S. -, 108 S.Ct. 79, 98 L.Ed.2d 42 (1987). The standard for imposing sanctions is one of reasonableness under the circumstances.
 
 Brown v. National Bd. of Medical Examiners,
 
 800 F.2d 168, 171 (7th Cir.1986);
 
 see Thornton v. Wahl,
 
 787 F.2d 1151, 1154 (7th Cir.),
 
 cert. denied,
 
 — U.S. -, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986);
 
 Indianapolis Colts v. Mayor of Baltimore,
 
 775 F.2d 177, 181 (7th Cir.1985). Rule 11 requires an attorney to make a reasonable inquiry into the factual and legal basis for the claims asserted.
 
 Brown,
 
 800 F.2d at 171-72. The failure of an attorney to make an objectively reasonable investigation of the facts underlying a claim or the applicable law justifies the imposition of Rule 11 sanctions.
 

 B.
 
 Standard of Review
 

 As this court has recently noted in
 
 Ordower v. Feldman,
 
 826 F.2d 1569 (7th Cir. 1987):
 

 We apply two different standards of review to a district court’s award of sanctions. We may reverse the district court’s resolution of factual issues underlying the award only if its findings are clearly erroneous. Whether the decision to award sanctions was appropriate under the factual background of the case, however, is subject to review for abuse of discretion.
 

 Id.
 
 at 1574 (citation omitted).
 
 [7]
 
 This court has also stated: “The substantial familiarity of the trial court with the proceedings renders its decision to impose sanctions reversible only for an abuse of discretion.”
 
 Frazier v. Cast,
 
 771 F.2d 259, 262-63 (7th Cir.1985);
 
 see District No. 8, Int’l Ass’n of Machinists & Aerospace Workers v. Clearing,
 
 807 F.2d 618, 621 (7th Cir.1986);
 
 Brown,
 
 800 F.2d at 169.
 
 [8]
 
 If the district judge makes an error of law in assessing the legal merits of the party’s case, that error may, of course, by itself, constitute an abuse of discretion.
 

 Review under the abuse of discretion standard does not mean no appellate review. Rule 11 sanctions have significant impact beyond the merits of the individual case. Concerns for the effect on both an attorney’s reputation and for the vigor and creativity of advocacy by other members of the bar necessarily require that we exercise less than total deference to the district court in its decision to impose Rule 11 sanctions. As we have stated: “Despite the increased license to impose sanctions, judges should always seriously reflect upon the nuances of the particular case, and the implications the case has on the
 
 *218
 
 nature of the legal representation, before imposing sanctions.”
 
 Brown,
 
 800 F.2d at 173.
 

 This court examines the record to determine whether the articulated considerations on which the district court based its award of sanctions support the award. While we must afford deference to the district court’s “substantial familiarity ... with the proceedings,”
 
 Frazier,
 
 771 F.2d at 262, we must also find a fair relationship between the record and the district court’s perception of the proceedings.
 

 C.
 
 Application to the Facts of this Case
 

 Here, the appellant challenges the district court’s conclusion that “Levit & Mason have failed utterly to meet the requirement that their appeal on Committee’s behalf was well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.”
 
 In re Ronco,
 
 46 B.R. at 458. L & M states that the district judge “penalized L & M for conduct which was completely consistent with all applicable professional standards.” Appellant’s Br. at 21.
 

 1.
 

 We believe that the district court was correct in determining that two aspects of the appellant’s argument with respect to the need for a continuance were sanctionable. The appellant did not disclose in its initial brief to the district court that it had previously represented a single unsecured creditor in the bankruptcy action prior to its representation of the Creditors’ Committee beginning on February 24,1984. This information was highly relevant to the question of whether the bankruptcy judge should have granted a continuance. As the representative of a single creditor, L & M had been required to face the issue of whether the Banks’ liens were valid and, indeed, had filed a discovery request. Appellant’s App. at 90a. While the appellant did not misstate an empirical fact, it did omit facts that were highly relevant to an accurate characterization of the facts that were stated. Such an obvious omission placed a heavy burden on a court. The presentation amounts, in its totality, to a half-truth that can be just as misleading, sometimes more misleading, than an absolutely false representation. For purposes of determining whether sanctions are appropriate, it is not relevant that a later submission by the appellees brought the truth to light.
 
 See
 
 Appellees’ Br. at 17. The impact on the court and on the opposing party occurs when the initial omission is made. Later correction does not permit a recoupment of the time, energy or, in some cases, money that has already been expended.
 

 For the same reason, we believe that the appellant’s representation that “new evidence” had been uncovered with respect to the “sale or return” contracts is sanctionable. The “new evidence” simply was a play on words. The practice of Ronco’s paying for the return of unsold items was well-known to the litigants before the bankruptcy court ruled. Its continuation after the February 24, 1984 hearing was hardly “new evidence.”
 

 2.
 

 The other principal grounds for the imposition of sanctions by the district judge are more troublesome and, in our view, cannot serve as the basis for the imposition of sanctions.
 

 Some appellate courts reviewing the imposition of sanctions under Rule 11 have employed language indicating that the sanctions should not be imposed if there is any reasonable argument that can be advanced in support of the party’s position.
 
 See Golden Eagle Distr. Corp. v. Burroughs Corp.,
 
 801 F.2d 1531, 1538 (9th Cir.1986);
 
 Zaldivar v. City of Los Angeles,
 
 780 F.2d 823, 832-33 (9th Cir.1986). This court, however, has required that the party against whom sanctions would be imposed must actually make the reasonable argument, not merely assert after-the-fact that a reasonable argument
 
 could
 
 have been made (even if the party didn’t make it).
 
 Frazier,
 
 771 F.2d at 265. Invoking this principle, the district court stated that it did not believe that, in its opening brief, L
 
 *219
 
 & M, on behalf of the Committee, had squarely raised the argument that the bankruptcy court erred in finding that the transactions between Ronco and its retailers were the subject of “sale or return” contracts rather than consignments. The district court stated that the “Committee neither asserts the Decision’s substantive
 
 result
 
 was incorrect nor suggests any real basis for a different result.”
 
 In re Ronco,
 
 46 B.R. at 447 (emphasis in original). However, our review of the opening brief filed by L & M in the district court convinces us that L & M did raise, although somewhat inartfully, the argument that the bankruptcy court’s substantive result was wrong because the transactions between the Debtors and the retailers might be consignments rather than “sale or return” contracts. L & M argued that, if it had been given the opportunity to conduct discovery prior to the lien perfection hearing, it could have participated meaningfully in the hearing by presenting evidence and engaging in cross-examination of witnesses to disprove the Banks’ contention that the contracts were “sale or return” contracts rather than consignments.
 

 This interrelationship between the appellant’s argument that the bankruptcy court should have granted a continuance and its argument that the Debtors’ transactions might be consignments rather than sales is also important in evaluating the district court’s determination that the latter assertion concerning consignments was frivolous. In the bankruptcy court, the appellant lost the argument for a continuance and had to litigate the consignment issue immediately. On appeal to the district court, L & M was forced to either abandon the consignment argument or to argue it without what it considered a full factual foundation.
 
 [9]
 
 Its decision not to abandon the issue is not, under these circumstances, a proper basis for sanctions. While we agree with the district court that the legal foundation for the argument was weak, we do not believe that it can be said to be so weak as to serve as a basis for sanctions. While the force of the legal argument appears hardly compelling, it must be remembered that part of the appellant’s submission was that, if the continuance for discovery had been granted, a more compelling case would have been presented. Furthermore, we also note that the argument was not precluded by any existing precedent. Under these circumstances, we cannot say that the argument presented to the district court violated Rule 11 and can properly serve as a basis for sanctions.
 

 Conclusion
 

 Our review of the record convinces us that not all of the grounds relied upon by the district court for the imposition of sanctions were permissible under the standards of Rule ll.
 
 [10]
 
 Accordingly, we vacate the
 
 *220
 
 judgment of the district court and remand the case for proceedings consistent with this opinion.
 

 It Is So Ordered.
 

 ORDER
 

 On consideration of the petition for rehearing filed on March 1,1988, in the above-entitled cause by the appellant, all of the judges on the original panel have voted to deny the petition for rehearing. Accordingly,
 

 IT IS HEREBY ORDERED that the aforesaid petition for rehearing be, and the same is, DENIED.
 

 Appellant’s motion for application of Rule 36 is DENIED.
 

 Appellee’s motion for clarification of the taxation of costs is GRANTED. Each party shall bear its own costs of this appeal.
 

 [1]
 

 . The district court order imposing Rule 11 sanctions in a specified amount, R.50, against the non-party, L & M, is an appealable collateral order pursuant to 28 U.S.C. § 1291.
 
 Frazier v. Cast,
 
 771 F.2d 259, 262 (7th Cir.1985). The order conclusively determined the question of sanctions, which is an "important issue completely separate from the merits of the action,” and is "effectively unreviewable on appeal from a final judgment.”
 
 Coopers & Lybrand v. Livesay,
 
 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978);
 
 see Cohen v. Beneficial Indus. Loan Corp.,
 
 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949). Moreover, as of May 27, 1987—two days before oral argument was heard by this court—a settlement agreement was entered into between the Chapter 7
 
 *214
 
 Trustee (the action was converted back to a Chapter 7 proceeding on June 26, 1986) and the Banks under which all issues between the Banks and all of the Debtors’ estates were resolved. Therefore, nothing but the sanctions issue remains from the underlying action.
 

 The original order imposing sanctions, without setting the amount, was before this court in an earlier appeal.
 
 In re Ronco, Inc.,
 
 793 F.2d 1295 (7th Cir.1986) [hereinafter Order]. This court held that, because the amount of fees had not been quantified, "the district court’s order does not ‘conclusively determine the disputed question’ of attorneys’ fees as a Rule 11 sanction." Order at 6. The court concluded that it had no jurisdiction over the attorneys’ fees question. That appeal, both on the merits and on the Rule 11 sanctions, was dismissed for want of jurisdiction. By order dated October 31, 1986, the district court assessed sanctions in the amount of $8,790.25 against L & M. R.50.
 

 This appeal is thus in a different posture from that of the earlier appeal. The amount of sanctions has been set and the underlying issues have been resolved through a settlement agreement.
 

 [2]
 

 . The facts relating to the underlying bankruptcy action are detailed in
 
 In re Ronco, Inc.,
 
 46 B.R. 444, 444-47 (N.D.Ill.1985). In this opinion, we shall set forth only those facts necessary to the disposition of the appeal of the order imposing sanctions under Fed.R.Civ.P. 11.
 

 [3]
 

 . The Creditors’ Committee was appointed by the United States Trustee on February 17, 1984. The Committee held its first meeting on February 20, 1984. On the day of the lien perfection hearing, February 24, 1984, the Committee applied to the bankruptcy court for leave to retain L & M as its counsel and the court entered an order granting the Creditors’ Committee request.
 

 [4]
 

 . The district court considered L & M’s arguments in its initial brief somewhat differently from the way that L & M presented them. L & M included its statute of frauds and “new evidence" contentions within its argument that the bankruptcy court erred in denying its motion for a continuance. The district court considered those two contentions as relating to L & M’s argument that the bankruptcy court erred in finding that the transactions at issue were the subject of “sale or return” contracts rather than consignments.
 

 [5]
 

 . The second memorandum opinion and order, "On Motion to Alter or Amend,” is published with the initial district court opinion, 46 B.R. at 453 and separately at 105 F.R.D. 493 (N.D.Ill. 1985).
 

 [6]
 

 .
 
 See supra
 
 note 1.
 

 [7]
 

 . Of course, once the district court finds that conduct forbidden by Rule 11 has occurred, some sanctions must be imposed.
 
 See Szabo Food Serv., Inc. v. Canteen Corp.,
 
 823 F.2d 1073, 1082 (7th Cir.1987);
 
 Shrock v. Altru Nurses Registry,
 
 810 F.2d 658, 661 (7th Cir.1987);
 
 see also Brown v. Federation of State Medical Bds.,
 
 830 F.2d 1429, 1434 n. 3 (7th Cir.1987).
 

 [8]
 

 .While the bankruptcy court was sitting as an appellate tribunal, it derived its authority from an emergency transition order which permitted the district court to undertake
 
 de novo
 
 review. Therefore, we need not address whether under the new Bankruptcy Act, where the district court’s appellate review powers are not as broad, similar deference to the district court’s rulings on sanctions would be appropriate.
 

 [9]
 

 . In its opinion on the merits, the district court wrote: "It may be further indicative of the poverty of Committee's position that during the
 
 7'A
 
 months since the Hearing, Committee has suggested no shred of relevant evidence or a single argument that was not presented on its behalf at the original Hearing."
 
 In re Ronco,
 
 46 B.R. at 448. We do not believe that this assertion places a fair burden on the appellant under the circumstances. Having lost the motion for a continuance to undertake discovery and the ruling on lien perfection in the bankruptcy court, the appellant was hardly in a position to procure additional material prior to the appeal in the district court.
 

 [10]
 

 . The district court did not use L & M’s memorandum addressing the applicability of Rule 11 to their appeal as one of the bases for the Rule 11 sanctions. Nor do we think the district court may do so on remand. In that memorandum, L & M relied on
 
 Suslick v. Rothschild Sec. Co.,
 
 741 F.2d 1000, 1007 (7th Cir.1984), to support its argument that Rule 11, as amended in 1983, requires a finding of subjective bad faith or gross negligence.
 
 Suslick,
 
 as the district court noted, is misleading on that point because it analyzes pre-amendment conduct but quotes the 1983 revised version of Rule 11 in a footnote.
 
 In re Ronco,
 
 46 B.R. at 456 (citing
 
 Suslick,
 
 741 F.2d at 1003 n. 3). We do not believe that this understandable confusion by L & M is sanction-able when “[u]nfortunately the waters have been muddied somewhat in our own Circuit...."
 
 Id.
 

 Moreover, we do not believe that L & M may be sanctioned for what the district court calls “post-hoc sleight of hand.”
 
 Id.
 
 at 457. The district court stated:
 

 Levit & Mason also assert they have a color-able argument that the transactions by the debtors (as sellers) ought to be treated — as to the sellers’ creditors, not the buyers’ creditors — as consignments rather than sale-or-return transactions.... First, nothing in the
 
 *220
 
 UCC or the case law supports their position, and ... [s]econd, the assertion they now advance was never even hinted at in their briefs before this Court.
 

 Id.
 
 As we have noted in the text,
 
 supra
 
 Part IIC 2, in this circuit, one must actually
 
 make
 
 a plausible argument, not just have a plausible argument, in order to avoid sanctions. However, as the district court acknowledged, the law of this circuit was far from clear on this point at the time the appellant filed its brief. Indeed, at a later date, another circuit, reversing the case cited by the district court, employed language indicating a position contrary to our own.
 
 See Golden Eagle Distr. Corp.
 
 v.
 
 Burroughs Corp.,
 
 801 F.2d 1531, 1538 (9th Cir.1986).