**PAINEWEBBER INCORPORATED,**
Plaintiff-Appellant,

v.

**Franklin FARNAM, et al.,**
Defendants-Appellees.

No. 88–1169.

United States Court of Appeals,
Seventh Circuit.

Submitted March 8, 1988.
Decided April 11, 1988.

Michael B. Roche, Schuyler, Roche & Zwirner, L. Andrew Brehm & Karen A. Mieszala, Chicago, Ill., for plaintiff-appellant.

James L. Schwartz, Fuchs, Temple & Berman, Ltd., Mark H. Schiff, Robert F. Fuchs, Chicago, Ill., for defendants-appellees.

Before FLAUM, EASTERBROOK, and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

The district court ordered PaineWebber, Inc., to arbitrate certain disputes with its customers. PaineWebber asked for a stay pending appeal. We denied the request for a stay and ordered PaineWebber to show cause why sanctions should not be imposed under Fed.R.App.P. 38. The order invited PaineWebber to discuss *Graphic Communications Union v. Chicago Tribune Co.,* 779 F.2d 13 (7th Cir.1985), and *Classic Components Supply, Inc. v. Mitsubishi Electronics America, Inc.,* 841 F.2d 163 (7th Cir.1988)—the former stating that stays of arbitration pending appeal are exceptionally hard to get, making casual or reflexive requests presumptively grounds for sanctions; the latter imposing sanctions on an unsupported request for a stay pending appeal.

PaineWebber's request for a stay of arbitration pending appeal does not cite a case or discuss the criteria that must be met to obtain such relief. One criterion is irreparable injury while the appeal proceeds. PaineWebber's motions papers do not discuss this subject. The closest approach is:

> If the arbitration is permitted to proceed while this appeal is pending, PaineWebber's appeal will effectively be rendered moot.... [I]f arbitration proceeds while this appeal is pending, the arbitration hearing may take place before this Court reaches its decision in this appeal. In such event, PaineWebber would be deprived of any meaningful judicial review of [the district court's] order.

This is confused. True, the absence of a stay may mean that the arbitration will end before the appeal can be resolved. But if the arbitration takes place and the customers win, a decision by this court that PaineWebber was not required to arbitrate the dispute will produce victory for PaineWebber. If PaineWebber wins the arbitration, it prevails no matter what happens on appeal. The only feature of the case that becomes "moot" is whether an arbitral hearing will be held—which would be significant only if the cost and travail of holding a hearing were irreparable injury.

*Chicago Tribune* was a similar case. The newspaper wished to avoid arbitration with a union. It argued that it would suffer irreparable injury during the appeal if the arbitration were not stayed, because the time, energy, and money invested in presenting the case to the arbitrator could not be reclaimed if the order to arbitrate were erroneous. We rejected that contention, holding that the ordinary incidents of litigating (or arbitrating) a case are not "irreparable injury". 779 F.2d at 15. So much has been settled for a long time. *Petroleum Exploration, Inc. v. Public Service Commission,* 304 U.S. 209, 222, 58 S.Ct. 834, 841, 82 L.Ed. 1294 (1938), calling this principle "abiding and fundamental". See also, e.g., *FTC v. Standard Oil Co.,* 449 U.S. 232, 244, 101 S.Ct. 488, 495, 66 L.Ed.2d 416 (1980); *Renegotiation Board v. Bannercraft Clothing Co.,* 415 U.S. 1, 24, 94 S.Ct. 1028, 1040, 39 L.Ed.2d 123 (1974). We continued:

We are not gifted with prevision, and therefore we decline to say that a party ordered to arbitrate can never show irreparable harm.... But we are confident that such cases will be extraordinarily rare, ... that employers who seek stays merely on the ground that the arbitration may turn out to be a wasted expense of time and money are whistling in the dark, and that we will not hesitate to mete out sanctions in future cases to persons who make applications for stays of arbitration in circumstances such as disclosed by the record of this case.

*Id.* at 16. The circumstances of this case track those of *Chicago Tribune,* and we therefore impose sanctions on PaineWebber.

■ PaineWebber, which did not mention "irreparable injury" in its motions papers, perforce did not distinguish its case from *Chicago Tribune.* In *Classic* we imposed sanctions on another applicant who neglected to address the subject; evenhanded treatment of PaineWebber calls for the same outcome. PaineWebber's response to the order to show cause argues at length that it could have shown irreparable injury, but this is too late. The question is not what a litigant could have said but what it did say. *In re Ronco, Inc.,* 838 F.2d 212, 218–29 (7th Cir.1988). We require applicants to pay their adversary's attorneys' fees in cases such as this because a motion ignoring controlling precedent forces the other side (and the court) to spend time finding the precedents that the movant should have found in the first place. A belated filing containing more argument comes too late; the costs have been incurred. We wish to relieve the adversary of the costs that should never have been imposed, and to induce the moving parties to do their own work right the first time. *Classic,* at 165. These objectives would not be achieved if we treated the response to the order to show cause as if it were the moving paper.

At all events, PaineWebber has yet to cope with the problem. It now tries to distinguish this case from *Chicago Tribune* on the ground that it has a *good* defense to the arbitration. According to PaineWebber, the customers' demand for arbitration was untimely. (That was also the Chicago Tribune's defense; it thought the demand for arbitration untimely because made after the expiration of the collective bargaining agreement.) The district court rejected PaineWebber's contention on the basis of issue preclusion, because a state court had ordered it to arbitrate with one of the customers involved in the federal suit. This decision is wrong, PaineWebber insists, and the error—which deprived it of an independent decision by the district court—distinguishes *Chicago Tribune.*

■ This mistakes probable success on the merits for irreparable injury. *Chicago Tribune* forcefully observed that applicants must show *both* irreparable injury and probable success. This is why the court in *Chicago Tribune* had nothing to say about the merits of that appeal. As things turned out, the court reversed on the merits, *Graphic Communications Union v. Chicago Tribune Co.,* 794 F.2d 1222 (7th Cir.1986), driving home the point that even a strong likelihood of reversal is not enough to get a stay of arbitration pending appeal.

One more point plays a role. This case is about arbitration, which is supposed to be a speedy and inexpensive alternative to litigation. The securities industry insists that its customers sign arbitration agreements, which the Supreme Court has sustained—in part on the premise that it is desirable to have a cheap, quick method to deal with the disputes (many too small to justify full scale litigation) this industry produces. *Shearson/American Express, Inc. v. McMahon,* —— U.S. ——, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). Doubtless PaineWebber enforces its arbitration clauses when its customers initiate litigation. Here, however, the customers invoked the arbitration clauses, and PaineWebber is resisting. Even after Edward Jacks obtained from state court an order compelling PaineWebber to arbitrate this very dispute, PaineWebber filed this federal suit in an effort to rid itself of the obligation to arbitrate with Jacks (and others similarly situ-

ated); when it lost in the district court, it took an appeal and sought a stay. Arbitration is neither quick nor cheap when one party litigates to the gills. This arbitration is not to be quick, no matter what (PaineWebber's defense, after all, is the untimeliness of the customers' demands), and PaineWebber is entitled to seek a judicial resolution of its obligation to arbitrate. But it is not entitled to litigate in two sets of courts and file motions that have no effect other than to saddle its customers with extra costs. Litigants must think twice before filing papers that put their adversaries to expense; they must think three times before filing in arbitration cases; there is no evidence that PaineWebber thought even once before seeking a stay pending appeal.

We order PaineWebber to pay the costs and attorneys' fees the customers incurred in resisting the motion for a stay pending appeal. The customers have 15 days to file with the clerk of this court statements of these costs and fees. Briefing and disposition of the merits will proceed in the ordinary course.

RIPPLE, Circuit Judge, dissenting.

I do not believe that the appellant's position was so frivolous, with respect to either law or fact, as to require the imposition of sanctions.