**INDEPENDENT LIFT TRUCK
BUILDERS UNION,
Plaintiff,**

v.

**HYSTER COMPANY, Defendant.**

No. 92–2166.

United States District Court,
C.D. Illinois,
Danville Division.

Sept. 22, 1992.

John D. McFetridge Manion, Janov &
Devens, Ltd., Danville, Ill., William Wid-
mer, III, Martin P. Barr, Carmell, Charone,
Widmer, Mathews & Moss, Chicago, Ill.,
for plaintiff.

John Jenkins, Gunn & Hickman, Dan-
ville, Ill., Verne W. Newcomb, Newcomb
Sabin Schwartz & Landsverk, Portland,
Or., for defendant.

ORDER

BAKER, District Judge.

The defendant, Hyster Company, has
moved, pursuant to Fed.R.Civ.P. 62(d)[1], to
stay enforcement of the court's order to
arbitrate with the plaintiff union and has
sought leave to file a $25,000.00 supersede-

---

1. Fed.R.Civ.P. 62 reads, in pertinent part,
   (a) ... Unless otherwise ordered by the court,
   an interlocutory or final judgment in an ac-
   tion for an injunction ... shall not be stayed
   during the period after its entry and until an
   appeal is taken or during the pendency of an
   appeal....

   (d) When an appeal is taken the appellant by
   giving a supersedeas bond may obtain a stay
   subject to the exceptions contained in subdivi-
   sion (a) of this rule....

as bond in support of its motion. The plaintiff opposes the stay as inappropriate under Rule 62(a). Alternatively, the plaintiff argues that a stay of an order to arbitrate should be denied as contrary to established precedent. The defendant responds that because the plaintiff's injury is quantifiable, posting bond is sufficient security for a judgment. Also, Hyster does not want to risk an adverse decision from an arbitrator before the appellate court rules on the district court's order to arbitrate because the appellate court may defer to the arbitrator's decision.

## I. DISCUSSION

The court expressly denied the plaintiff's motion for an injunction. Order, July 31, 1992, at 10. The plaintiff union has not filed a notice of appeal from that ruling. Accordingly, as Hyster argues, no injunction is involved in this matter and the Rule 62(a) exception does not apply.

Hyster states that it is entitled to a stay as a matter of right under 62(d). The defendant characterizes the court's order to arbitrate as one for "specific performance" for which the issuance of a supersedeas bond is especially appropriate. *See, e.g., Moore v. Townsend*, 577 F.2d 424 (7th Cir.1978). The plaintiff union argues that approval of the bond should be denied because approval would violate the spirit of 62(d), since an order to arbitrate is an injunctive-type remedy "to do" and a bond under 62(d) will not protect the union members adequately. *Donovan v. Fall River Foundry Co.*, 696 F.2d 524, 526–527 (7th Cir.1982) Although it is an interesting argument, the "to do" versus the "to pay" distinction is not dispositive in light of Seventh Circuit decisions on this issue.

By granting summary judgment for the plaintiff,[2] the court ordered arbitration. The parties agree that the effect of approving a supersedeas bond would be to stay arbitration.

■ In addition to the language of Rule 62, several factors regulate the issuance of a stay of arbitration: 1) whether the applicant will be irreparably harmed if the stay is not granted, 2) whether the applicant shows a strong likelihood of success on the merits, 3) whether others in the law suit will suffer substantial harm if the stay is granted, and 4) where lies the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776–777, 107 S.Ct. 2113, 2119–2120, 95 L.Ed.2d 724 (1986); *Adams v. Walker*, 488 F.2d 1064, 1065 (7th Cir.1973).

■ However, there is a strong federal policy in favor of settling labor disputes by arbitration, *United Steelworkers of America v. Warrior & Gulf Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1959), and staying arbitration pending appeal of an order to arbitrate is distinctly disfavored. *PaineWebber Inc., v. Farnam*, 843 F.2d 1050 (7th Cir.1988); *Graphic Communications Union v. Chicago Tribune Co.*, 779 F.2d 13 (7th Cir.1985). Arbitration is meant to be a speedy and inexpensive alternative to litigation and staying an order to arbitrate while one party appeals defeats those goals. *PaineWebber*, 843 F.2d at 1053; *Graphic Communications*, 779 F.2d at 15. Applying these principles, the court finds that Hyster's claims are insufficient to sustain its motion.

### 1. Irreparable Harm.

In *Graphic Communications*, the union sued to compel arbitration. The district court granted an order to arbitrate but denied the company's request for a stay pending appeal. *Graphic Communications*, 779 F.2d at 14–15. The company asserted it would be irreparably harmed by the cost of time and money associated with arbitration. On appeal, however, the Seventh Circuit denied the company's request for a stay, finding it had not shown irrepa-

---

**2.** Plaintiff's prayer for relief in Count I of its complaint sought

A judgment ... ordering Defendant to specifically perform the provisions of the [collective bargaining] Agreement;

An order requiring Defendant to arbitrate the grievance concerning changes to the health insurance program;
A judgment on behalf of Plaintiff for its reasonable attorneys' fees and ... costs....
Plaintiff's Complaint at 3.

rable harm. "The only harm that an order to arbitrate does is to make the party against whom the order is issued litigate a dispute in a forum not of [its] choosing." *Id.* at 15. Noting the strong policy favoring arbitration, the court found it "very difficult to imagine how [a case for stay of arbitration] could be made." *Id.* Thus, the case in which a party has shown irreparable harm to warrant stay of arbitration is "extraordinarily rare." *Id.* at 16. Likewise, in *Paine Webber,* the district court ordered the company to arbitrate disputes with some of its customers and Paine-Webber asked for a stay pending appeal. The court not only denied the stay, it imposed sanctions on the company. *Paine-Webber,* 843 F.2d at 1053.

■ An arbitration award will not be set aside for error either in law or fact if it is within the submission, and contains the honest decision of the arbitrator after a full and fair hearing. *Ethyl Corp. v. United Steelworkers of America,* 768 F.2d 180, 183 (7th Cir.1985), *cert. denied,* 475 U.S. 1010, 106 S.Ct. 1184, 89 L.Ed.2d 300 (1986). Because of this policy of deference, Hyster asserts it will suffer irreparable harm if the arbitrator's decision is unfavorable.

■ Hyster's assertion of harm is this: *if* Hyster arbitrates while it appeals the district court's order to arbitrate, and *if* the arbitrator reaches a decision before the Seventh Circuit does, and *if* the arbitrator's decision is unfavorable to Hyster, and *if* the Seventh Circuit defers to the award, Hyster will be harmed. There are too many ifs in this argument to constitute irreparable harm.

Hyster also claims the union is trying to deprive it of a meaningful appeal from an erroneous decision. Response at 2.[3] This argument appears similar to the one rejected in *Paine Webber.* PaineWebber asserted that it would be harmed if forced to arbitrate while appeal of the order to arbitrate was pending because "the arbitration hearing may take place before [the appellate] court reaches its decision.... In such event, PaineWebber would be deprived of any meaningful judicial review of [the district court's] order." *Paine Webber,* 843 F.2d at 1051. The court was unpersuaded by this argument:

> True, the absence of a stay may mean that the arbitration will end before the appeal can be resolved. But if the arbitration takes place and the customers win, a decision by this court that Paine-Webber was not required to arbitrate the dispute will produce victory for Paine-Webber. If PaineWebber wins the arbitration, it prevails no matter what happens on appeal. The only feature of the case that becomes "moot" is whether an arbitral hearing will be held—which would be significant only if the cost and travail of holding a hearing were irreparable injury.

*Id.*[4] Hyster's claim of irreparable harm appears very similar to this unsuccessful argument. Unfortunately, dislike for appellate jurisprudence does not constitute irreparable harm and, given the decision in *Paine Webber,* the court cannot stay the order to arbitrate.

In oral argument, Hyster alternatively suggested that beginning January 1, 1993 it will have to recognize post-retirement health care liabilities on its financial statements due to changes instituted under FASB § 106 and this increased obligation will harm the company.[5] Again, "ifs"

---

**3.** In its reply Hyster stated, "If the appeal is—as a practical matter—short circuited by arbitration, then the [Seventh Circuit] will be faced with its own rule that 'honest' arbitrators are entitled to be wrong, even as to the law, and affirm." Defendant's Response at 4. *See Ethyl, supra.*

**4.** Hyster has not asserted that the cost and travail of arbitration will cause injury.

**5.** The closest Hyster has come to claiming irreparable injury is where it claimed that this issue

involves a potential multi-million dollar liability *that will have an* "indeterminable affect [sic] on the company's ability to compete" economically. Defendant's Response at 4. The Director of Human Resources at Hyster–Yale asserted that the change in the benefits for "Danville retirees *as a result of arbitration* would have an immediate and adverse impact on the commitment to a uniform program." Affidavit of James Phillips, p. 1–2. (emphasis supplied).

Phillips' affidavit also asserted that, if the retiree medical plan was re-instituted, the accu-

shroud the alleged harm: *if* the parties proceed to arbitration before January 1, 1993; and, *if* the arbitrator renders a decision before that date; and, *if* the decision requires Hyster to provide health benefits to retirees then it will have to disclose higher accumulated post retirement benefit obligations. This "worst-case scenario" is too speculative to show irreparable harm.

As *Graphic Communications* teaches, only the extraordinary case will make a strong enough showing of irreparable harm to be successful. 779 F.2d at 15. If the court finds Hyster's situation to be extraordinary and grants a stay based on potential economic harm, virtually every labor dispute in which a union seeks higher wages or benefits (or management wishes to cut wages or benefits) will warrant a stay of arbitration. Such an outcome would contravene the policy of enforcing arbitration agreements.

### 2. Likelihood of Success.

The defendant states there is a strong likelihood of success on appeal and it is confident the Seventh Circuit will follow *Ryan v. Chromalloy American Corp.*, 877 F.2d 598 (7th Cir.1989) to find that retiree medical benefits are not vested and are terminable by the company. For this court to address Hyster's likelihood of success would result in a back door construction of substantive provisions of the labor agreement. It is impermissible for the court to pass on the merits of the arbitrable claims. *United Steelworkers of America v. Warrior Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). The court re-iterates its decision on the arbitrability of the union's claim and will not

address the merits of this issue. Order, July 31, 1992, at 6 (citation omitted). Assuming, arguendo, Hyster will be successful on appeal, this alone is not enough to allow the bond, for "likelihood of success is a necessary but not sufficient condition for obtaining a stay pending appeal." *Graphic Communications*, 779 F.2d at 14. As noted above, Hyster has not shown irreparable harm.

### 3. Harm to Others.

The defendant's argument about lack of harm to the union is intertwined with the irreparable harm factor. On the one hand, the defendant asserts that deferring arbitration will not harm union members because the grievance involves only a few retirees and one employee whose benefits conform to the collective bargaining agreement. As such, the plaintiff's claim is sufficiently insignificant to require only a $25,000.00 bond. Defendant's Motion to Fix and Approve Supersedeas Bond on Appeal at 2.

On the other hand, Hyster claims that the case involves a multi-million dollar potential liability that will affect the company's ability to compete. Defendant's Response at 4–5. The court is unpersuaded that the denial of a stay is simultaneously trifling for the plaintiff[6] and catastrophic for the defendant.

### 4. Public Interest.

Hyster Company has not demonstrated a public interest that overrides the mandate to proceed with arbitration. *Adams, supra.* As stated before, there is a strong policy to promote arbitration in labor dis-

mulated post-retirement health benefit obligation which the company would have to disclose under FASB § 106 would rise from $7.2 million to $18.1 million. *Id.* at 1–2. The affidavit states the $18.1 million potential obligation assumes a 8.5% medical cost inflation rate; however, there is no indication whether the $7.2 million current potential obligation is based on a 0% or 8.5% rate of increase. The difference in assumption may be formidable. Defendant has supplied no information regarding its total assets or debt-to-equity ratio and without comparisons the court is unable to examine the

relative impact of the potential increase and its harm.

**6.** In opposition to Hyster's motion to dismiss, the union submitted affidavits of several members who stated that they had experienced drastic increases in medical expenses as a result of the disputed change in plans. The court found that these increased costs did not amount to sufficient irreparable harm to grant a preliminary injunction for the union. Order, July 18, 1992, at 9. However, as part of the record, the affidavits do support the contention that a stay of arbitration will harm others.

putes and to make arbitration a speedy and inexpensive alternative to litigation. *PaineWebber*, 843 F.2d at 1052. This policy is vitiated if orders to arbitrate are stayed pending appeal. Public interest does not favor Hyster in this instance.

## II. CONCLUSION

■ The defendant Hyster has not made a sufficient showing of irreparable harm or the other factors necessary to stay arbitration. Denial of a request to stay enforcement of an order is within the discretion of the trial court. *Hormann v. Northern Trust Co.*, 114 F.2d 118, 124 (7th Cir.1940). After thoroughly examining the parties' submissions and hearing argument, the court concludes that approving a supersedeas bond and granting a stay is inappropriate in this case.

IT IS THEREFORE ORDERED that defendant's motion to post a supersedeas bond to stay the order of arbitration pending appeal (docket # 33) is DENIED; each party shall bear its own costs.