Bijan M. TABRIZI and Fahimeh A.
Tabrizi, Plaintiffs,

v.

VILLAGE OF GLEN ELLYN, a
municipal corporation,
Defendant.

No. 87 C 6568.

United States District Court,
N.D. Illinois, E.D.

May 3, 1988.

Jeffrey B. Slemmons, Chicago, Ill., for
plaintiffs.

Joseph M. Williams, William E. Jegen,
P.C., Glen Ellyn, Ill., for defendant.

consider whether the remainder of the complaint can be adjudicated by summary judgment.

## ORDER

BUA, District Judge.

Defendant in this case has filed two petitions for an award of attorneys' fees pursuant to 42 U.S.C. § 1988 and Fed.R.Civ.P. 11. For the reasons stated herein, defendant's motions are denied.

## I. FACTS

Plaintiffs Bijan M. and Fahimeh A. Tabrizi, an Iranian–American couple, own an undeveloped lot in the Village of Glen Ellyn ("Village"). The Tabrizis sought a permit to construct a single-family dwelling on the lot. The Village denied the Tabrizis' application because their lot did not include sixty-six feet of frontage, as required by Glen Ellyn zoning laws. The Tabrizis consequently requested a zoning variance, which the Village denied on August 25, 1986. Based on the denial of the variance, the Tabrizis filed a complaint with the Department of Housing and Urban Development ("HUD"). Following an investigation, HUD concluded that the Village had engaged in racially discriminatory acts.[1] After the Village refused to participate in voluntary compliance with HUD, the Tabrizis filed a four-count complaint against the Village. In their complaint, the Tabrizis alleged interference with their property rights in violation of 42 U.S.C. § 1982 and 42 U.S.C. § 3604(b), infringement of their rights under the state constitution, and violation of 42 U.S.C. § 3604(c) based on the Village's allegedly discriminatory advertising. The Village subsequently filed a motion to dismiss all four counts for failure to state a claim. This court granted the Village's motion. After prevailing on its motion to dismiss, the Village has petitioned for attorneys' fees pursuant to 42 U.S.C. § 1988 and Fed.R.Civ.P. 11.

## II. DISCUSSION

The Village contends that it is entitled to attorneys' fees under both 42 U.S.C. § 1988 and Fed.R.Civ.P. 11. After evaluating the Village's argument, this court concludes that neither the civil rights statute nor Rule 11 provides an appropriate basis for awarding attorneys' fees in this case.

### A. *Section 1988*

Pursuant to 42 U.S.C. § 1988, a court may award attorneys' fees in appropriate instances to prevailing parties in civil rights cases. A prevailing defendant, however, may not recover fees under § 1988 unless the plaintiff's claim was frivolous, unreasonable, or groundless. *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980); *Hamer v. County of Lake*, 819 F.2d 1362, 1366 (7th Cir.1987). The mere dismissal of a complaint for failure to state a claim does not necessarily render that complaint "groundless" by § 1988 standards. As the Seventh Circuit has observed, the courts have carefully distinguished between contentions that were found to be "without merit" and claims that are "frivolous, unreasonable or groundless." *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1164 (7th Cir. 1983). Consequently, a court will not award fees to a prevailing defendant under § 1988 unless the defendant can show that the plaintiff's actions were "abusive, or merely a disguised effort to harass or embarrass the defendant." *Id.*

The circumstances in the case at bar do not warrant a fee award under the civil rights statute. Although the Village successfully moved to dismiss Count I of the Tabrizis' complaint, thereby prevailing on a § 1982 claim, the Village has failed to establish that the Tabrizis pursued this claim simply to harass or embarrass the Village. This court finds no evidence of abusive conduct on the Tabrizis' part. In fact, HUD's finding of discrimination by the Village provided the Tabrizis with a reasonable basis to believe that their § 1982 claim had merit. Because the Tabrizis acted reasonably under the circumstances, the Village's motion for attorneys' fees pursuant to 42 U.S.C. § 1988 is denied.

---

1. The Tabrizis have alleged that HUD made this finding, and the Village has not disputed the accuracy of this allegation. Therefore, this court assumes that HUD did in fact make such a finding.

## B. *Rule 11*

■ The Village also implores this court to award attorneys' fees under Rule 11 in order to sanction the Tabrizis and their attorney for their "frivolous" complaint. Rule 11 authorizes the federal courts to impose sanctions based on either a subjective or an objective standard. Under the subjective standard, a court may sanction a plaintiff who brings suit primarily to harass or impose expense on the defendant. *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1083 (7th Cir.1987). Under the objective standard, a court may impose fees on a plaintiff whose claim has no reasonable basis in law. *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986). The facts underlying the instant case do not justify a fee award under either of these Rule 11 standards.

■ According to the Village, the Tabrizis filed their complaint simply to harass and embarrass the Village, displaying the sort of subjective bad faith that Rule 11 was designed to penalize. The factual background of this litigation, however, suggests otherwise. Based on HUD's prior finding of discrimination by the Village, the Tabrizis most likely brought this lawsuit not out of mere spite, but in the sincere belief that they could prevail on their claims. Because HUD's investigation served as a catalyst for the Tabrizis, their decision to file suit did not reflect the kind of vexatious motivation that would warrant Rule 11 sanctions.

The Village additionally asserts that the Tabrizis raised claims without any legal foundation, thereby violating the objective component of Rule 11. To recover fees under this theory, the Village must do more than assert that the Tabrizis' complaint failed to survive a motion to dismiss. In addition, the Village must demonstrate that the Tabrizis acted recklessly or with indifference to the law, basing their claims on an egregious misstatement of existing law. *See Thornton*, 787 F.2d at 1154; *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985). The Village has failed to carry this burden.

This court dismissed the four counts of the Tabrizis' complaint for a variety of reasons, none of which involved an outrageous misinterpretation of current law. Counts I and IV were dismissed on account of deficient pleading. Count I, a § 1982 claim, did not adequately assert a protectible property interest because the Tabrizis failed to allege that they satisfied the Village's requirements for obtaining a zoning variance. Count IV, which alleged a violation of the Fair Housing Act, failed to plead the time frame required to comply with the statute's limitations period. Standing alone, these pleading deficiencies do not display the sort of reckless indifference to the law that would call for Rule 11 sanctions. This court refuses to base a fee award merely on inartful or incomplete pleadings.

As for Count II, another claim under the Fair Housing Act, the court ruled that the claim was time-barred. If the Act had clearly articulated the relevant limitations period, perhaps the Tabrizis' untimely filing of Count II would merit Rule 11 sanctions. In fact, the housing statute and HUD regulations offer conflicting interpretations of the statute of limitations. Moreover, the courts have disagreed over which interpretation is appropriate. Some courts have adhered to the regulations, which allow a plaintiff to postpone filing suit under after HUD's initial efforts to obtain voluntary compliance have failed. *See, e.g., Logan v. Richard E. Carmack & Associates*, 368 F.Supp. 121, 122–23 (E.D.Tenn.1973); *Brown v. Ballas*, 331 F.Supp. 1033, 1036 (N.D.Tex.1971). Other courts have adopted the statute's more restrictive limitations period, but have acknowledged that the regulations have caused some confusion. *See, e.g., Green v. Ten Eyck*, 572 F.2d 1233, 1241 (8th Cir.1978); *Tatum v. Myrick*, 425 F.Supp. 809, 812 (M.D.Fla.1977) (recognizing that "the Act contains an unfortunate, intrinsic infirmity that permits a good faith grievant-plaintiff to wait for the outcome of HUD's efforts until after the jurisdictional time-period for commencing suit has passed"). This court agrees with the courts that have adopted the statute's approach. Nonetheless, the court sees no

**210**

reason to penalize the Tabrizis under Rule 11 for an honest misunderstanding of an ambiguous administrative scheme.

Finally, after dismissing all of the federal claims, this court had no choice but to dismiss Count III, a pendent state claim, for lack of federal jurisdiction. The Village has failed to show that Count III—or, for that matter, any of the other claims—rested on an untenable legal theory. Consequently, this court rejects the Village's request for Rule 11 sanctions.

### III. CONCLUSION

For the foregoing reasons, this court denies the Village's motions for attorneys' fees under 42 U.S.C. § 1988 and Fed.R. Civ.P. 11.

IT IS SO ORDERED.