Bijan N. TABRIZI and Fahimeh A. Tabrizi, Plaintiffs–Appellees,

v.

VILLAGE OF GLEN ELLYN, Defendant–Appellant.

No. 88–2044.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 18, 1989.

Decided Aug. 31, 1989.

Jeffrey B. Siemmons, Chicago, Ill., for plaintiffs-appellees.

William E. Jegen, Glen Ellyn, Ill., for defendant-appellant.

Before WOOD, Jr. and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

RIPPLE, Circuit Judge.

Bijan and Fahimeh Tabrizi filed a complaint against the Village of Glen Ellyn, Illinois (the Village) alleging racial discrimination in the denial of a zoning variance application. *See* R.1; *see also* 42 U.S.C. § 1982 (Civil Rights Act of 1866); 42 U.S.C. §§ 3604, 3610(d), 3612(a) (Fair Housing Act).[1] The district court dismissed the

---

1. Subsequent to the judgment of the district court, the Fair Housing Act has been substantially amended. *See* Fair Housing Amendments Act of 1988, Pub.L. No. 100–430, 102 Stat. 1619 (1988). The provisions effective during the time of the underlying events of this case read as follows:

42 U.S.C. § 3604: Discrimination in the sale or rental of housing.

   As made applicable by section 3603 of this title and except as exempted by sections 3603(b) and 3607 of this title, it shall be unlawful—

. . . .

   (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, or national origin.

   (c) To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, or national origin, or an intention to make any such preference, limitation, or discrimination.

complaint for failure to state a claim on which relief could be granted. *See* Fed.R. Civ.P. 12(b)(6). The Village then petitioned the district court for an award of sanctions under Federal Rule of Civil Procedure 11 and for a reasonable attorney's fee under 42 U.S.C. § 1988. The district court denied that petition, and the Village now appeals. We affirm the judgment of the district court.

## I.

### Background

#### A. *Facts*

The plaintiffs—Bijan and Fahimeh Tabrizi—are an Iranian–American couple who own an undeveloped 10,170–square–foot lot

> ....
> Pub.L. No. 90–284, title VIII, 82 Stat. 73, 83 (1968) (amended 1974).
> 42 U.S.C. § 3610: Enforcement.
>> Commencement of civil actions; State or local remedies available; jurisdiction and venue; findings; injunctions; appropriate affirmative orders.
>> ....
>> (d) If within thirty days after a complaint is filed with the Secretary or within thirty days after expiration of any period of reference under subsection (c) of this section, the Secretary has been unable to obtain voluntary compliance with this subchapter, the person agagrieved may, within thirty days thereafter, commence a civil action in any appropriate United States district court, against the respondent named in the complaint: *Provided,* That no such civil action may be brought in any United States district court if the person aggrieved has a judicial remedy under a State or local fair housing law which provides rights and remedies for alleged discriminatory housing practices which are substantially equivalent to the rights and remedies provided in this subchapter. Such actions may be brought without regard to the amount in controversy in any United States district court for the district in which the discriminatory housing practice is alleged to have occurred or be about to occur or in which the respondent resides or transacts business. If the court finds that a discriminatory housing practice has occurred or is about to occur, the court may, subject to the provisions of section 3612 of this title, enjoin the respondent from engaging in such practice or order such affirmative action as may be appropriate.
>> ....
> Pub.L. No. 90–284, title VIII, 82 Stat. 73, 85 (1968).

in Glen Ellyn. Seeking to construct a single-family dwelling on the lot, the Tabrizis first applied for a construction permit; this application was denied because the lot did not have sixty-six feet of frontage, as required by the Village's zoning laws. Accordingly, the Tabrizis next sought a variance to the zoning restriction so that they could begin construction. However, the Village Board of Trustees denied this application on August 25, 1986.

Based on this denial of the variance application, the Tabrizis filed a complaint with the Department of Housing and Urban Development (HUD); after an investigation, the agency apparently concluded that the Village had engaged in racially discriminatory actions toward the Tabrizis.[2]

> 42 U.S.C. § 3612: Enforcement by private persons.
>> Civil actions; Federal and State jurisdiction; complaint; limitations; continuance pending conciliation efforts; prior bona fide transactions unaffected by court orders.
>> (a) The rights granted by sections 3603, 3604, 3605, and 3606 of this title may be enforced by civil actions in appropriate United States district courts without regard to the amount in controversy and in appropriate State or local courts of general jurisdiction. A civil action shall be commenced within one hundred and eighty days after the alleged discriminatory housing practice occurred: *Provided, however,* That the court shall continue such civil case brought pursuant to this section or section 3610(d) of this title from time to time before bringing it to trial if the court believes that the conciliation efforts of the Secretary or a State or local agency are likely to result in satisfactory settlement of the discriminatory housing practice complained of in the complaint made to the Secretary or to the local or State agency and which practice forms the basis for the action in court: *And provided, however,* That any sale, encumbrance, or rental consummated prior to the issuance of any court order issued under the authority of this Act, and involving a bona fide purchaser, encumbrancer, or tenant without actual notice of the existence of the filing of a complaint or civil action under the provisions of this Act shall not be affected.
>> ....
> Pub.L. No. 90–284, title VIII, 82 Stat. 73, 88 (1968).

**2.** The district court noted that the "Tabrizis have alleged that HUD made this finding, and the Village has not disputed the accuracy of this allegation." 684 F.Supp. 207 at 208 n. 1. There-

HUD sought to remedy the situation through voluntary compliance, but the Village refused to participate. Consequently, the Tabrizis brought this suit. In their complaint, the Tabrizis alleged that between 1980 and 1986, the Village granted all variance requests for lots in excess of 8,000 square feet and that all requests were made by "white-ethnically neutral" property owners. R.1 at 2, ¶ 8. Additionally, according to their complaint, over seventy percent of the dwellings within one-half mile of the Tabrizis' property are located on lots with less than sixty-six feet of frontage. Finally, the Tabrizis also alleged that the Village's denial of their request for a variance was due to racial- and ethnic-based animus against them because they are "non-white, ethnically distinguishable individuals." *Id.* at 2, ¶ 9. After making these allegations, the Tabrizis spelled out four counts for relief: Count I alleged that the Village had interfered with their use and enjoyment of their property and, thus, they had been denied equal protection of the laws in violation of section 1982;[3] County II alleged that the Village had discriminated against them in violation of the Fair Housing Act, *see* 42 U.S.C. § 3604(b); Count III alleged that the Village had violated the Illinois state constitution's prohibition on the uncompensated taking of private property; and Count IV alleged that the Village maintains a policy of discouraging construction, rental, or purchase of housing for nonwhites contrary to the Fair Housing Act, *see* 42 U.S.C. § 3604(c). The Village answered by submitting that the Tabrizis' federal-law claims—Counts I, II,

and IV—failed to state causes of action and should be dismissed.

The district court referred the case to a magistrate, who recommended dismissal. The magistrate determined that, with regard to the section 1982 claim, the plaintiffs failed to state a claim for deprivation of a property interest, and, with regard to the Fair Housing Act claims, the plaintiffs' claims were barred by the statute of limitations. *See* R.24 at 3–5. The magistrate also recommended dismissal of the state-law claim. The district court adopted the magistrate's report in its entirety, *see* R.25, and dismissed the action. R.26.

*B. Village's Sanctions and Attorney's Fees Petition*

The Village subsequently petitioned the district court for sanctions and attorney's fees pursuant to Rule 11 of the Federal Rules of Civil Procedure and section 1988. R.29; 30. The Village contended that the Tabrizis' federal court complaint had been "frivolous, meritless and vexatious" so that attorney's fees were appropriate. R.29 at 1. The district court rejected this petition. *See Tabrizi v. Village of Glen Ellyn,* 684 F.Supp. 207 (N.D.Ill.1988). The district court found that the Tabrizis did not bring their suit out of clear spite, in order to harass and embarrass the Village, but rather, out of a sincere belief that they could prevail. *Id.* at 209. Furthermore, in the district court's view, the complaint's defects were based on "inartful or incomplete pleadings" and "an honest misunderstanding of an ambiguous administrative scheme," *id.* at 209–10, so that sanctions were inappropriate. The Village now appeals that decision.[4]

---

fore, this court assumes that HUD did in fact make such a finding.

**3.** All references to statutory sections shall be to title 42, United States Code.

**4.** On January 27, 1988, the magistrate issued his report recommending that the district court dismiss the *complaint. See* R.24 at 5. The district court adopted the recommendation in full and granted the Village's motion to dismiss. R.25. The district court clerk entered a Rule 58 judgment stating that "the plaintiffs take nothing and the *action* is dismissed." *See* R.26 (emphasis added). The Village then timely filed a motion for sanctions and attorney's fees which was

denied by the district court on May 10, 1988. *See* R.50; 51. The Village filed a notice of appeal from the denial of that motion on June 2, 1988. *See* R.53.

After the district court's entry of judgment dismissing the action, the plaintiffs filed a motion to vacate the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (relief from judgment due to mistake, error, etc.). They claimed that the district court's decision to dismiss the *action* (rather than solely the *complaint*) caused confusion tantamount to permitting Rule 60(b) relief. The magistrate reviewed this motion and recommended that it be denied. *See* Reply Br. at A-2. The district

## II.

## Sanctions Under Rule 11

### A. The Village's Submission on Appeal

As its primary issue on appeal, the Village argues that the district court erred in deciding that the Village was not entitled to sanctions and attorney's fees under Federal Rule of Civil Procedure 11. Specifically, the Village submits that a minimal amount of research would have revealed to the plaintiffs' attorney that the Tabrizis' claims were groundless. *See* Appellant's Br. at 17. Therefore, the Village argues that it is entitled to recovery of the $14,000 in legal fees incurred in defending the suit.

### B. Standard of Review

We review the district court's decision under an abuse of discretion standard. In *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928 (7th Cir.1989) (en banc), this court clarified the standard under which we review district court determinations made pursuant to Rule 11. Before *Mars Steel*, different panels of this court had employed varying standards. In *Mars Steel*, we decided that "[f]rom now on, this court shall use a deferential standard consistently—whether sanctions were imposed or not, whether the question be frivolousness on the objective side of Rule 11 or bad faith on the subjective side." *Mars Steel*, *supra*, at 930; *see also Borowski v. De-Puy, Inc.*, 850 F.2d 297, 304 (7th Cir.1988) (presaging *Mars Steel*; employing abuse of discretion standard); *In re Ronco, Inc.*, 838 F.2d 212, 217 (7th Cir.1988) (same); *In re*

*Central Ice Cream Co.*, 836 F.2d 1068, 1072 (7th Cir.1987) (same); *R.K. Harp Investment Corp. v. McQuade*, 825 F.2d 1101, 1103 (7th Cir.1987) (same). At the same time, we stressed that review under the abuse of discretion standard "does not mean no appellate review." *Ronco*, 838 F.2d at 217. Rather, "[d]istrict courts must make findings and exercise discretion against a background of legal rules. If they err in appreciating or applying legal rules, their mistakes will be undone." *Mars Steel, supra*, at 936. As we said in *Ronco*:

> This court examines the record to determine whether the articulated considerations on which the district court based its award of sanctions support the award. While we must afford deference to the district court's "substantial familiarity ... with the proceedings," *Frazier*, 771 F.2d at 262, we must also find a fair relationship between the record and the district court's perception of the proceedings.

838 F.2d at 218 (quoting *Frazier v. Cast*, 771 F.2d 259, 262 (7th Cir.1985)). "Deferential review will not prevent this court from ensuring that district judges reflect seriously, and consider fully, before imposing (or denying) sanctions." *Mars Steel, supra*, at 936–37.

### C. Governing Principles

■ Rule 11 states, in pertinent part, that the presence of a signature on a complaint is a certificate that

---

court adopted the magistrate's report. *See id.* at A–1.

On preliminary examination of the briefs, this court questioned whether we had jurisdiction to hear the Village's appeal on the denial of the petition for sanctions due to the plaintiffs' subsequent actions in the district court. *See Tabrizi v. Village of Glen Ellyn*, No. 88–2044 (7th Cir. June 24, 1988) (order requesting briefing on jurisdictional question). Federal Rule of Appellate Procedure 4(a)(4) states that:

> If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under

Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.

As the plaintiffs did not file any of their post-dismissal motions under Rules 50, 52, or 59, the Village's notice of appeal was not invalidated by operation of Rule 4(a)(4). Thus, this court has jurisdiction pursuant to 28 U.S.C. § 1291.

the signer has read the pleading, motion or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause any unnecessary delay or needless increase in the cost of litigation.

Fed.R.Civ.P. 11. Litigants and/or attorneys who violate Rule 11 are liable for sanctions such as "an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee." *Id.* To determine whether sanctions are appropriate, the district court must examine the underlying lawsuit from two different perspectives. First, *subjectively* viewing the facts, "there must be good faith (that is, the paper may not be interposed 'to harass')." *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1080 (7th Cir.1987), *cert. dismissed,* — U.S. ——, 108 S.Ct. 1101, 99 L.Ed.2d 229 (1988). Second, "[t]here must be 'reasonable inquiry' into both fact and law; ... the legal theory must be *objectively* 'warranted by existing law or a good faith argument' for the modification of existing law; and the lawyer must believe that the complaint is 'well grounded in fact.'" *Id.* (emphasis added). Regarding this objective component of Rule 11, "[a]n empty head but a pure heart is no defense. The Rule requires counsel to read and to consider before litigating." *Thornton v. Whal,* 787 F.2d 1151, 1154 (7th Cir.1986). This court has stated that:

> When an attorney recklessly creates needless costs the other side is entitled to relief. Rule 11 was amended in 1983 to make it easier for a court to award fees, indeed perhaps to make the award mandatory in some cases. We have warned the bar of the risks. Lawyers who litigate carelessly now must take the consequences.

*In re TCI, Ltd.,* 769 F.2d 441, 446 (7th Cir.1985), *cert. denied,* 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986) (citations omitted).

### D. Application of the Governing Principles to this Case

#### 1. Subjective Bad Faith

■ Before the district court, and this court also, the Village asserted that the Tabrizis filed their suit simply to harass and embarrass the Village. *See* 684 F.Supp. at 208; Appellant's Br. at 16 ("Plaintiffs and their counsel should bear the cost of the Village's being forced to defend against Plaintiffs' unreasonable and vexatious conduct."). The district court, examining this submission, stated that:

> The factual background of this litigation, however, suggests otherwise. Based on HUD's prior finding of discrimination by the Village, the Tabrizis most likely brought this lawsuit not out of mere spite, but in the sincere belief that they could prevail on their claims. Because HUD's investigation served as a catalyst for the Tabrizis, their decision to file suit did not reflect the kind of vexatious motivation that would warrant Rule 11 sanctions.

684 F.Supp. at 209. Applying the standard of *Mars Steel,* and acknowledging that the trial court alone has an intimate familiarity with the relevant proceedings and is in a far superior position to discern the motivations of the parties or counsel, we conclude that the district court did not abuse its discretion in determining that the Tabrizis did not act out of bad faith.

#### 2. Objective Support Under Law

■ The Village next submits that the plaintiffs' complaint was unsupported by law and, from an objective standpoint, it is clear that "a minimal amount of investigation and research would have avoided causing the Village to do extensive, voluminous research in order to defend itself against Plaintiffs' meritless claims." Appellant's Br. at 18. The district court's task is to examine the complaint and to determine whether the plaintiffs' claims objectively reflect a reasonable pre-filing inquiry into

the facts and law. *See* Fed.R.Civ.P. 11. In making this inquiry, we must remember that "the party against whom sanctions would be imposed must actually make the reasonable argument, not merely assert after-the-fact that a reasonable argument *could* have been made." *Ronco*, 838 F.2d at 218; *see also Frazier*, 771 F.2d at 265 n. 3. We have little difficulty in concluding that the district court did not abuse its discretion in denying the motion for sanctions. In a written opinion, the court carefully analyzed its earlier dismissal of the complaint; each count was addressed separately. It first noted that two of the counts, Counts I and IV, had been dismissed because of deficient pleading. With respect to Count I, a section 1982 claim, the court noted that the dismissal was based on a failure to allege that the Tabrizis had met the requirements for a zoning variance. Count IV, alleging a violation of the Fair Housing Act, was dismissed because the complaint did not indicate any time frame in which the alleged violations occurred, although the magistrate noted that, if given leave to amend, at least part of the count might be sustained. The district court refused to characterize these "inartful or incomplete" pleadings as exhibiting "the sort of reckless indifference to the law that would call for Rule 11 sanctions." 684 F.Supp. at 209. In making that determination, the district court clearly did not abuse its discretion. Its characterization of the Tabrizis' conduct, especially in light of the argument submitted in the plaintiffs' response to the Village's motion to dismiss, *see* R.20 at 2, was entirely reasonable. We shall not disturb such a determination.

Count II, also a claim under the Fair Housing Act, was dismissed as untimely. The Tabrizis first sought from HUD an administrative remedy to the Village's discrimination. When the Village failed to participate in voluntary compliance, the Tabrizis brought this action. In their view,[5] section 3610(d) and the HUD regulations tolled the statute of limitations until the termination of HUD's administrative ac-

tion. The district court, in dismissing the complaint, held that section 3610 was an alternative remedy to section 3612. The district court also held that this action was based on section 3612 and that, unlike actions based on section 3610, the statute of limitations was not tolled. However, on the issue of sanctions, the district court held that the tolling of the limitations period was shrouded in ambiguity and that plaintiff's mistake was "an honest misunderstanding of an ambiguous administrative scheme." 684 F.Supp. at 210. Our review of the statutory scheme and the meager case law convinces us that the district court did not abuse its discretion in declining to impose sanctions. It was not altogether unreasonable for the Tabrizis to conclude that the statutory scheme, when read as a whole, did not contemplate parallel consideration of the same discrimination complaint in an administrative and a judicial forum. Indeed, we note that, under the revised statutory scheme recently enacted by Congress, the limitations period would have been tolled during the pendency of the HUD administrative proceedings. *See* Pub.L. No. 100–430, § 8(2), 102 Stat. 1619, 1633 (1988) (now codified at 42 U.S.C. § 3613(a)(1)(B)).

Count III, a pendent state claim, was dismissed because all federal claims had been dismissed. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The district court, noting that the Village had failed to demonstrate that the dismissal rested on an untenable legal theory, declined to impose Rule 11 sanctions. The Village's submission to this court hardly establishes that the district court abused its discretion.

### III.

#### Attorney's Fees Under Section 1988

█ The Village next appeals the denial of attorney's fees under section 1988. Under that provision, the district court, in its discretion, may award to a prevailing party

---

**5.** The Tabrizis alleged, in their answer to the Village's motion for costs and sanctions, that HUD had advised them that the statute of limi-

tations was tolled. The district court did not rely on this submission and therefore we do not consider it.

in certain civil rights actions (including section 1982) "a reasonable attorney's fee." 42 U.S.C. § 1988. The Village is clearly the prevailing party in this case. "While prevailing plaintiffs are entitled to attorney's fees under 42 U.S.C. § 1988 'if they succeed on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing suit,' *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), prevailing defendants must satisfy much more stringent standards to recover fees against plaintiffs in a civil rights action." *Hamer v. Lake Cty.*, 819 F.2d 1362, 1366 (7th Cir.1987), *later app.*, 871 F.2d 58 (7th Cir. 1988). When a defendant prevails in a civil rights action and seeks fees under section 1988, the defendant must establish, before the court may grant fees, that the plaintiff's " 'claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.' " *Hamer*, 819 F.2d at 1366 (quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978)); *see also Szabo*, 823 F.2d at 1077; *Vandenplas v. City of Muskego*, 797 F.2d 425, 428–29 (7th Cir.1986); *Lovell v. City of Kankakee*, 783 F.2d 95, 96 (7th Cir.1986); *Linhart v. Glatfelter*, 771 F.2d 1004, 1011 (7th Cir.1985); *Lynch v. City of Milwaukee*, 747 F.2d 423, 426 (7th Cir.1984); *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1163–64 (7th Cir.1983).

■ The Village here repeats the same argument that the district court rejected— that the plaintiffs' section 1982 action was "meritless in the sense that it was groundless and without foundation." Appellant's Br. at 26; *see also* 684 F.Supp. at 208. We cannot agree. The Tabrizis' section 1982 action was not filed in bad faith and was reasonably supported by fact and law. Therefore, the Village did not satisfy its heavy burden to merit fees under section 1988, and the district court did not abuse its discretion in denying the Village's petition.

## CONCLUSION

The judgment of the district court is affirmed. The district court did not abuse its discretion in denying the Village of Glen Ellyn's petition for sanctions and attorney's fees under Rule 11 of the Federal Rules of Civil Procedure and 42 U.S.C. § 1988.

AFFIRMED.