151 F.3d 1032
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Victor M. BARDNEY, Petitioner,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 97-1769, 97-1953.
 United States Court of Appeals, Seventh Circuit.
 Argued April 8, 1998.
Decided June 16, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 C 5034. Charles R. Norgle, Sr., Judge.
 Appeal of: R. Eugene Pincham.
 Before Hon. JOHN L. COFFEY, Hon. DANIEL A. MANION, Hon. MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 A district court in the Northern District of Illinois sanctioned Attorney R. Eugene Pincham three times: once for filing a frivolous habeas corpus petition, a second time for failing to comply with the first sanction order, and a third time for failing to comply with the first two sanction orders. Pincham appeals each of these orders. We have no jurisdiction over some of the orders. Over those that we have jurisdiction, we affirm the district court.
 
 I.
 
 2
 A grand jury indicted Victor M. Bardney in the Northern District of Illinois with conspiracy to distribute fifty pounds of marijuana and two kilograms of cocaine. Pincham represented Bardney at trial,[1] and a jury convicted Bardney. Bardney, still represented by Pincham, appealed to this court, and we affirmed the conviction and sentence. United States v. Bardney, No. 93-4037, 1995 WL 41313 (7th Cir., February 1, 1995) (unpublished order). Bardney sought rehearing by this court, which we denied, and then filed a petition for a writ of certiorari with the U.S. Supreme Court, which also was denied. Pincham next filed a habeas corpus petition on behalf of Bardney pursuant to 28 U.S.C. § 2255. In this petition, Pincham advanced the same arguments rejected on direct appeal (and added one argument pertaining to the use of a weapon in the commission of a drug offense, see United States v. Bailey, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995)). Moreover, Pincham made, at best, only an oblique reference to our decision on direct appeal, and failed to cite any judicial decisions within the Seventh Circuit analyzing Bailey.
 
 
 3
 District Judge Charles R. Norgle, Sr., who presided at Bardney's trial, considered the habeas petition before it was served on the government. See Rules Governing Section 2255 Proceeding 4. On August 29, 1996, the district court sua sponte issued an order to show cause why Pincham, as the signer of the petition, should not be sanctioned under Fed.R.Civ.P. 11 for filing a frivolous petition. Pincham did not respond to this order; he claims not to have received it. On October 11, 1996, the district court issued an order (which was docketed and mailed October 15) finding the petition frivolous and sanctioning Pincham $1000, to be paid by October 25, 1996. The district court also ordered Pincham to file an amended habeas corpus petition. Pincham did neither; again, he claims not to have received this order.
 
 
 4
 On December 11, 1996, the district court ordered Pincham to appear on January 21, 1997, to show cause why he failed to pay the $1000 sanction and failed to file an amended habeas petition. Pincham acknowledges receiving this order on December 16, 1996, and asserts that before receiving this notice, he was unaware that the district court had deemed the habeas petition frivolous and had sanctioned him. Pincham apparently did not check the status of this case in the three and a half months between the issuance of the first order to show cause and receipt of the second show cause order.
 
 
 5
 On January 21, 1997, Pincham appeared and filed a motion to vacate the October 11, 1997 order (as well as the orders to show cause). Pincham claimed that he had not received notice of any these motions until December 16, 1996. He also argued that the § 2255 petition was not frivolous, and that he properly disclosed the Seventh Circuit opinion. The government responded to Pincham's motion to vacate by suggesting that the district court could make a finding that Pincham did not have notice of the original order to show cause based on Pincham's unsworn assertion, the filing of an affidavit, or an evidentiary hearing. In his reply brief, Pincham vigorously rejected the suggestion of an evidentiary hearing, and did not file an affidavit.
 
 
 6
 On March 17, 1997, the district court denied Pincham's motion to vacate. It ruled that the motion was a Rule 60(b) motion, because it had been filed more than 10 days after the issuance of the order. Fed.R.Civ.P. 60(b). The district court's own review of its files revealed that notice had been sent to Pincham. The court also took judicial notice of articles discussing the October 11, 1996 sanction which appeared in the Chicago Daily Law Bulletin and the Chicago Tribune.[2] The district court also found that Pincham failed to rebut the presumption that he had notice of the district court's orders. The court did not impose additional monetary sanctions, but did order Pincham to read various legal materials, and also pay the previously ordered monetary sanction, within 14 days. On March 27, 1997, Pincham appealed from the August 29, 1996 show cause order, the October 11 sanction order, the December 11, 1997 show cause order, and the March 17, 1997 sanction order (Appeal No. 97-1769).
 
 
 7
 Then, on March 31, 1997, the deadline for complying with the district court's March 17 order, Pincham filed a memorandum explaining that he could not read the required materials within the 14 days, and requested more time to comply. At a status hearing held on April 1, 1997, Pincham appeared before the district court and again contended that he did not have time to comply and requested an extension of time. The district court denied that request, and informed Pincham that it would enter an appropriate order. The next day, Pincham submitted a certification that he had in fact read the materials; he also paid the original $1000 sanction. On April 4, 1997, the district court issued its order finding that Pincham willfully disregarded the court's orders of October 11, 1996 and March 17, 1997, and imposed additional sanctions: $800 as a late penalty for not paying the original $1000 penalty in a timely fashion, plus $50 per day until the entire fine was paid, $50 for failing to read the legal materials as required, plus $25 per day until the materials were read and the fine paid, and $1000 for failing to file an amended § 2255 petition, plus $50 per day until the amended pleading was filed.
 
 
 8
 On April 16, 1997, Pincham appealed from the April 4, 1997 sanction order (Appeal No. 97-1953). Pincham argues that the district court entered the sanction orders without affording him due process of law. He also contends that the district court relied upon extra-judicial sources in making its findings of fact, and that the second and third sanction orders were impermissible "punishments upon punishments."
 
 II.
 A. Appeal No. 97-1769
 
 9
 Appeal No. 97-1769 purports to be an appeal of four orders: the show cause order issued August 29, 1996; the sanction order issued October 11, 1996, the show cause order issued December 11, 1996, and the sanction order issued March 17, 1997. Show cause orders are not final orders, and thus are not appealable. Mancuso v. Indiana Harbor Belt R.R., 568 F.2d 553, 554 (7th Cir.1978). However, even if they were appealable, Pincham failed to file a timely notice of appeal from these orders, precluding jurisdiction. Fed. R.App. P. 4. Similarly, Pincham failed to timely appeal the sanction order issued October 11, 1996, and thus we lack jurisdiction to review this order as well.
 
 
 10
 Pincham's appeal of the March 17, 1997 order, however, is timely. Pincham attempts to resuscitate the October 11, 1996 sanction order by claiming that the March 17, 1997 order "re-imposed the original $1,000 sanction." As the district court never suspended the original sanction order, it had no occasion to "re-impose" it. Rather, according to its order, the district court "exercise[d] restraint in imposing additional sanctions. Instead of added monetary sanctions," the district court ordered Pincham to read various legal materials. The subsequent admonishment by the district court to pay "the past due $1,000 sanction pursuant to [the district court's] October order" did not reimpose a sanction, but rather reminded Pincham of what he was required to do to satisfy the outstanding sanction orders against him. Because the March 17, 1997 order did not alter or amend the October 11, 1996 order, it did not restart the time for appeal from the October 11, 1996 order.
 
 
 11
 The March 17, 1997 order also sanctioned Pincham for failing to comply with the October 11, 1996 sanction order by ordering him to read, within 14 days, 33 Seventh Circuit cases (cited within the order), the Northern District of Illinois Local Rules of Professional Conduct, and the Seventh Circuit Court of Appeals Rules of Civility. On April 2, 1997, one day past the court's deadline, Pincham certified that he read all of the required materials. Pincham has complied with the sanction order, and as the government notes, we cannot have Pincham "unread" the legal materials. As we cannot afford him a meaningful remedy, Flynn v. Sandahl, 58 F.3d 283, 287 (7th Cir.1995), the sanction order is moot. See also United States v. Kis, 658 F.2d 526, 532 (7th Cir.1981) ("compliance with an IRS summons moots an appeal of the enforceability of the summons").
 
 
 12
 The remaining issue, and the only issue in this appeal over which we have jurisdiction, is the district court's denial of Pincham's motion to vacate. As Pincham's motion to vacate was filed more than 10 days after entry of the district court's order, the motion is properly construed as a motion under Fed.R.Civ.P. 60(b). See Mares v. Busby, 34 F.3d 533, 535 (7th Cir.1994) ("If the motion [to reconsider or vacate] is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." (citations and internal quotations omitted)). Thus, we review whether the district court abused its discretion in denying Pincham's motion to reconsider. "A decision constitutes an abuse of discretion when it is not just clearly incorrect, but downright unreasonable." Cincinnati Ins. Co. v. Flanders Elec. Motor Service, Inc., 131 F.3d 625, 628 (7th Cir.1997) (citations and internal quotations omitted). Rule 60(b) relief is an extraordinary remedy, and is granted only rarely. Provident Savings Bank v. Popovich, 71 F.3d 696, 698 (7th Cir.1995).
 
 
 13
 Pincham argues he did not receive notice of the October 11, 1996 sanction order until December 16, 1996. Thus, the entry of notice of judgment without notice, Pincham contends, violated his constitutional rights to due process. "[W]here an error of constitutional dimension occurs, a judgment may be vacated as void. One such constitutional error for concluding that a judgment is void for purposes of Rule 60(b)(4) is if the judgment was entered in violation of due process." Simer v. Rios, 661 F.2d 655, 663 (7th Cir.1981).[3] The parties agree that notice is required before sanctions could be imposed; therefore, the only question is whether Pincham had notice of the impending sanction orders. Notice, however, need not be actual knowledge or actual receipt of the notice. Schluga v. City of Milwaukee, 101 F.3d 60, 62 (7th Cir.1996) ("The due process clause does not require notice in fact to persons having property interests, but only reasonable efforts at notice."). In this case, the district court followed the provisions for service found in Rules 77 and 5 of the Federal Rules of Civil Procedure. Rule 77 requires a clerk to serve notice of the entry of an order in the manner provided for by Rule 5. Rule 5 allows for service by mail, and further provides that "[s]ervice by mail is complete upon mailing." The district court found that for each of its orders, a staff member of the district court clerk's office sent a copy of the order to Pincham's last known address (which is also his current address), and noted the mailing on the minute order form used by the district court. Moreover, the district court was correct in relying on its own records to make this determination. In re Longardner & Associates, Inc., 855 F.2d 455, 460 (7th Cir.1988). Thus, this district court properly concluded that a rebuttable presumption of proper notice was raised. See Godfrey v. United States, 997 F.2d 335, 338 (7th Cir.1993) ("To invoke the presumption of delivery, the government could either present evidence of actual mailing such as an affidavit from the employee who mailed the check, or present proof of procedures followed in the regular course of operations which give rise to a strong inference that the check was properly addressed and mailed."). Pincham's denial of receipt alone does not rebut this presumption, Longardner, 855 F.2d at 459, and he has presented no other evidence. Thus, the district court did not err in finding that Pincham had constitutionally adequate notice.
 
 
 14
 Pincham also complains that the district court, by citing to articles in the Chicago Tribune and the Chicago Daily Law Bulletin, impermissibly relied on extrajudicial source materials to support its finding that Pincham received notice. The district court cited the articles, and also noted that, according to the Chicago Daily Law Bulletin article, the reporter contacted Pincham's campaign press aide for comment regarding the sanctions orders and was informed that Pincham was not available for comment. The court concluded that the articles caused it to "look askance at Pincham's claim that he had no knowledge of the court's orders." The citation to the articles supports the district court's view that its sanction orders were publicized. It is probable that even if Pincham did not see the orders, he could have learned of them through the media. The articles would likely have been brought to his attention, alerting him to check the court record or perhaps his own mail. As it is indisputable that the articles were in fact published, the existence of the articles was a proper subject for judicial notice. Fed.R.Evid. 201(b); Hennessy v. Penril Datacomm Networks, Inc., 69 F.3d 1344, 1354 (7th Cir.1995) ("In order for a fact to be judicially noticed, indisputability is a prerequisite."). Pincham, however, suggests that the district court did not rely on the mere fact of publication, it relied on the content of the publications. While this would be improper, see Cofield v. Alabama Pub. Serv. Comm'n, 936 F.2d 512, 517 (11th Cir.1991) (facts contained in newspaper article not indisputably accurate), the district court did not rely on the content of these articles in making any of its findings of fact. Rather, the district court's finding that Pincham received constitutionally adequate notice was supported by the evidence of the routine mailing by the district court clerk's office. The articles merely buttressed the court's view that Pincham's denial of receipt failed to overcome the presumption of receipt.
 
 
 15
 Pincham also contends that the district court denied him due process because it refused to hold an evidentiary hearing on the issue of notice. In fact, the record reveals that Pincham waived any request for an evidentiary hearing. In the reply brief to his motion to vacate, Pincham characterized the government's suggestion of an evidentiary hearing as a "totally unrealistic and unacceptable solution" which "puts Attorney Pincham to the utterly impossible task of changing and reversing the trial court's already formed opinions and conclusions...." As Pincham rejected the government's suggestion of an evidentiary hearing, he has waived this argument. See Larsen v. City of Beloit, 130 F.3d 1278, 1284 (7th Cir.1997).
 
 
 16
 In sum, the only issue which is properly before the court is the district court's denial, under Rule 60(b), of Pincham's motion to vacate. As the district court did not clearly err in finding that Pincham received constitutionally adequate notice of the October 11, 1996 sanction order, the district court did not abuse its discretion in denying Pincham's motion to vacate.
 
 B. Appeal No. 97-1953
 
 17
 The second appeal challenges solely the third sanction order entered by the district court on April 4, 1997, for Pincham's failure to timely comply with the March 17, 1997 sanction order. By its terms, the March 17, 1997 sanction order allowed Pincham 14 days to read the various legal materials and to submit a certification that the materials have been read. On April 1, 1997, the fourteenth day, Pincham appeared in court and admitted that he had failed to comply with the court's March 17, 1997 order. He requested more time and presented a summary of his activities between March 17, 1997 and March 31, 1997, which he claims shows the "physical impossibility" of timely compliance with the order. The district court correctly found that Pincham had not shown excusable neglect for complying with the court's order. Over the fourteen days, Pincham addressed a local bar association, attended his son's wedding, and prepared for a trial scheduled for April 8, 1997. While the district court recognized the time constraints under which attorneys work, it properly concluded that Pincham had voluntarily chosen to ignore the order of the district court and it disregarded Pincham's claim of "physical impossibility." This conclusion is further buttressed by Pincham's compliance with the sanction order the very next day.
 
 
 18
 Thus, the district court found that Pincham had willfully failed to comply with its order of March 17, 1998, and imposed a sanction of $1850. At the same time, the district court ordered fines which would accrue if Pincham continued to ignore its orders. However, as Pincham complied before the issuance of this order, these sanctions were never imposed. We review the imposition of sanctions for an abuse of discretion. Tabrizi v. Village of Glen Ellyn, 883 F.2d 587, 592 (7th Cir.1989) (Rule 11 sanctions reviewed for abuse of discretion because "the trial court [can better] discern the motivations of the parties or counsel.").
 
 
 19
 We recently held that where there are multiple instances of sanctionable conduct, more harsh sanctions are appropriate. Ladien v. Astrachan, 128 F.3d 1051, 1057 (7th Cir.1997). On April 1, 1997, Pincham had yet to comply with two outstanding sanction orders issued by the district court. Pincham had not paid the $1000 sanction or filed an amended habeas corpus petition as ordered October 11, 1996, and he had not read the legal materials specified in the court's order of March 17, 1997, which should have been read by March 31, 1997. Under these circumstances, the district court did not abuse its discretion by further sanctioning Pincham $1850.
 
 
 20
 As a final matter, Pincham claims that the March 17, 1997 and the April 4, 1997 sanctions violated the Double Jeopardy clause of the Fifth Amendment, and that the district court lacked authority to order him to file an amended habeas corpus petition. Pincham fails to cite even a single case supporting either of these contentions. As we have said many times, unsupported arguments are waived. Thomas & Betts Corp. v. Panduit Corp., 138 F.3d 277, 301 (7th Cir.1998) ("No case law is cited to support this proposition, and we therefore deem this argument waived pursuant to Fed.R.App.P. 28(a)(b)."). This is especially applicable here. On the issue of the Fifth Amendment, double jeopardy would apply only if the sanctions were criminal in nature and not civil. Cox v. Commodity Futures Trading Commission, 138 F.3d 268, 272 (7th Cir.1998). But Pincham has provided no argument that the sanctions were in fact criminal in nature. However, assuming arguendo that all of the sanctions were criminal in nature, the district court's decisions make clear that each sanction order pertains to different conduct. The October 11, 1996 order relates to the filing of frivolous habeas corpus petition; the March 17, 1997 order relates to the failure to comply with the October 11, 1997 sanction order; and the April 4, 1997 sanction order relates to Pincham's failure to comply with the March 17, 1997 order. If, for example, Pincham had timely complied with the March 17, 1997 order, then the April 4, 1997 order would arguably violate the Double Jeopardy clause (again, assuming both were instances of criminal contempt). But as none of the sanctions were for "the same offence," Amend. V, U.S. Const., the double jeopardy clause is not implicated. Similarly, Pincham provides no legal authority for the proposition that the district court lacked authority to order him to file an amended habeas corpus petition. This is sufficient to waive the issue. We have previously noted that the "district judge has ... a wide range of sanctions that he or she may impose," Insurance Benefit Administrators, Inc. v. Martin, 871 F.2d 1354, 1359 (7th Cir.1989), and we see no clear abuse of discretion in ordering an attorney to file a pleading which cites relevant case law. Certainly, Pincham's failure to do so in this case has not served him well.
 
 III.
 
 21
 In Appeal No. 97-1769, we only have jurisdiction over the district court's denial of Pincham's Rule 60(b) motion. Pincham received constitutionally adequate notice of the court's orders, and the district court did not abuse its discretion in refusing to vacate its order of October 11, 1996. In Appeal No. 97-1953, the district court's imposition of sanctions was not an abuse of discretion. Additionally, these sanctions did not violate the double jeopardy clause. Thus, in both appeals, the decision of the district court is
 
 
 22
 AFFIRMED.
 
 
 
 [1]
 Throughout the criminal trial and habeas proceedings, Bardney privately retained Pincham, and also Attorney Joan A. Hill McClain. As only Pincham signed the petition for habeas corpus, Hill McClain is not involved in these proceedings. See Fed.R.Civ.P. 11(b)
 
 
 [2]
 Carol McHugh Sanders, Ex-Appeals Judge Sanctioned; U.S. Filing 'Frivolous', Chi. Daily L. Bull., October 25, 1996, at 1; Mitchell Loin & Andrew Fegelman, Election '96: Political Notebook, Chi. Trib., October 29, 1996, at 4. During the fall of 1996, Pincham ran for Cook County State's Attorney, which apparently prompted the press to report on these sanction proceedings
 
 
 [3]
 Pincham only argues that the order is void for lack of notice under the Due Process clause; he does not argue that the district court should have found excusable neglect. Rule 60(b)(1)