

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-2005

# Douris v. Genuardi

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3878

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Douris v. Genuardi" (2005). *2005 Decisions.* Paper 1073.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1073

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3878
_____

JAMES GEORGE DOURIS,

Appellant

v.

GENUARDI'S FAMILY MARKETS, INC.
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 03-cv-03076)
District Judge: Honorable Herbert J. Hutton
_____

Submitted Under Third Circuit LAR 34.1(a)
May 23, 2005

BEFORE: RENDELL, AMBRO and FUENTES, Circuit Judges

(Filed:   June 2, 2005)

_____

OPINION
_____

PER CURIAM

   Appellant James Douris, proceeding pro se, appeals an order of the United States

District Court for the Eastern District of Pennsylvania granting summary judgment in

favor of Genuardi's Family Markets, Inc. in his action under the Americans with

Disabilities Act, 42 U.S.C. §§ 12181-12189 ("ADA"), the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. §§ 951-963 ("PHRA"), 42 U.S.C. § 1983, and state law. We will affirm the District Court's order.

Douris, who uses a wheelchair, alleges in his complaint that he had various accessibility problems while shopping at Genuardi's. In granting summary judgment for Genuardi's on Douris' ADA claim, the District Court noted that Douris sought monetary damages, but only injunctive relief is available under the statute. The District Court also stated that Genuardi's established that it had remedied the accessibility problems in its store, and Douris had not shown that there is a genuine issue of material fact for trial. The District Court rejected Douris' claim under 42 U.S.C. § 1983 because Genuardi's is not a state actor, and Douris had not been deprived of his rights under the ADA, the only federal law at issue. The District Court also dismissed Douris' state law claims for product liability and harassment for lack of subject matter jurisdiction. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Doe v. County of Centre, 242 F.3d 437, 446 (3d Cir. 2001).

Douris argues on appeal that the District Court erred in striking certain documents from the record. Douris filed numerous "Praecipes" as a means to submit documents that he believed supported his claims. Noting that the documents are immaterial and appeared to be an attempt to harass Genuardi's, the District Court granted Genuardi's motion to strike all but three documents that are related to his ADA claim. Douris complains about

2

the dismissal of evidence of Genuardi's weekly mailings, which he states he cannot read due to his vision disability. Douris, however, did not make an ADA claim based upon the mailings in his complaint. He only complained that the weekly mailings constituted harassment, and the District Court dismissed this claim. Douris also complains about the striking of documents related to settlements in other discrimination suits. These documents are immaterial. The District Court did not abuse its discretion in granting Genuardi's motion to strike.

Douris also argues that summary judgment is not warranted on his ADA claim because the customer service counter at Genuardi's is too high for a person in a wheelchair to access. He relies on a photograph of the front of the counter. As recognized by the District Court, Genuardi's evidence establishes that the counter is accessible from the side, and Douris did not submit evidence creating a genuine issue of material fact regarding the counter's accessibility.

Finally, Douris argues that Genuardi's is a state actor for purposes of Section 1983 because it sells Pennsylvania lottery ticket forms, and receives money from the Commonwealth when it sells tickets. The District Court correctly noted that the relevant inquiry in determining whether a person acted under color of state law is whether the action at issue can be fairly attributed to the state. Groman v. Township of Manalapan, 47 F.3d 628, 638-39 (3d Cir. 1995). Here, the action at issue is the accessibility of items

3

in the store, which is attributable to Genuardi's.[1]

Douris has not shown that the District Court erred. Because there is no genuine issue of material fact for trial, we will affirm the District Court's order.[2]

---

[1]The District Court also held that Douris did not establish that he had exhausted his administrative remedies related to his PHRA claim. In his brief, Douris states that he filed "this matter" with the Pennsylvania Human Relations Commission, and received no response. Even if he exhausted his remedies, Douris' PHRA claim is treated as coextensive with his ADA claim. Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996).

[2]Douris' Motion to Add Ongoing Evidence of Discrimination is denied. The Court cannot consider material on appeal that is outside the District Court record. In re Capital Cities/ABC Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990).