

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-19-2005

# Douris v. Bucks

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1362

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Douris v. Bucks" (2005). *2005 Decisions.* Paper 675.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/675

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-281                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1362
_____

JAMES GEORGE DOURIS,

Appellant

v.

BUCKS COUNTY; BUCKS COUNTY OFFICE OF THE DISTRICT ATTORNEY;
DIANE E. GIBBONS; BUCKS COUNTY OFFICE HUMAN RESOURCE; CARMEN
G. THOME; DOYLESTOWN BOROUGH INC.; MAYOR DOYLESTOWN
BOROUGH INC.; MONTGOMERY MCCRACKEN WALKER & RHOADS;
BALLARD SPAHR ANDREWS & INGERSOLL; FRANK A. CHERNAK; ARLENE J.
ANGELO, All sued individually and in their official capacity, held jointly and severally
liable

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 04-cv-00232)
District Judge: Honorable R. Barclay Surrick

_____


Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
June 16, 2005

Before: ROTH, BARRY AND SMITH, CIRCUIT JUDGES

(Filed August 19, 2005)

_____

OPINION

_____

**PER CURIAM**

James Douris, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his disability discrimination action. We will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Douris alleges that he called the Bucks County Office of Human Resources and requested an employment application for an Accounting Assistant position. A Bucks County employee asked him why he needed the application sent to him in the mail. Approximately two months later, having not received an application, Douris went to the office. Douris alleges the Human Resources Director asked a security officer to limit his access to the building, and called the Doylestown police to escort him out. Douris ultimately obtained an application, but did not apply for the position.

Douris, who uses a wheelchair and has arthritis and other ailments, filed suit in District Court against Bucks County, Doylestown Borough, their employees and others, claiming discrimination based upon his disabilities under federal and state law, and violations of his constitutional rights.[1] The defendants moved to dismiss the complaint. The District Court improperly converted the motions to dismiss into summary judgment motions, and considered documents submitted by Douris, without providing the parties notice of its intent to do so. See In re: Rockefeller Ctr. Properties, Inc. Sec. Litig., 184

---

[1] Douris has filed numerous lawsuits against Bucks County raising discrimination claims.

2

F.3d 280, 287-88 (3d Cir. 1999).  This error, however, was harmless because, as discussed below, Douris' complaint would not have survived a motion to dismiss.  See id. at 289.

A plaintiff must suffer an adverse employment action because of a disability to make out a prima facie case under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111-12117.  Deane v. Pocono Med. Ctr., 142 F.3d 138, 142 (3d Cir. 1998) (en banc).  Many of Douris' claims fail because he never applied for the Accounting Assistant position, and did not suffer an adverse employment action.

Douris claims that a Bucks County employee made an improper disability inquiry by asking him why he needed an employment application sent to him in the mail.  To the extent this question may be found to violate the statute,[2] Douris does not allege any injury.  See also Tice v. Centre Area Transp. Auth., 247 F.3d 506, 520 (3d Cir. 2001) (noting that in the absence of injury, no claim can lie for a violation of § 12112(d)).  Similarly, Douris alleges that the Accounting Assistant job description improperly requires an applicant to perform various physical activities, and that if he pursued the job, the Borough of Doylestown would ticket him when he parked because he is unable to put coins in the meters due to his disability.  Because Douris never applied for the position, he fails to state claims for relief based upon these allegations.  For the same

---

[2]The ADA prohibits employers from making "inquiries of a job applicant as to whether such applicant is an individual with a disability or as to the nature or severity of such disability."  42 U.S.C. § 12112(d)(2)(A).

3

reason, Douris' claims that Bucks County is obligated to hire veterans like himself first, and to accommodate veterans' disabilities, fail.[3]

Douris also claims that the Bucks County defendants violated the ADA by failing to post a notice informing job applicants that they may file an administrative charge with the Equal Employment Opportunity Commission. Even assuming Douris has a cause of action for such a failure, as noted by the District Court, any improper posting did not prevent Douris from filing a timely administrative complaint.

Douris also alleges that the Bucks County Office of Human Resources is not accessible because it does not have a bidet in the restroom, and because he had to wait ten minutes to enter the building because the handicapped entrance was locked. We agree with the District Court that the ADA does not require the provision of a bidet, see 28 C.F.R. § 35.150(a)(3) (providing public entities need not take action that would result in undue financial and administrative burdens), and that Douris fails to state a claim under the ADA based upon the brief delay in entering the building.[4]

Finally, Douris' allegation that he was escorted from the municipal building is insufficient to state a constitutional violation. Absent a violation of his statutory or

---

[3]Although Douris attached to his complaint an administrative ruling that Bucks County's job description does not comply with the ADA, absent an adverse employment action because of a disability, Douris does not establish a prima facie case of discrimination.

[4]Douris also fails to state a claim under the Pennsylvania Human Relations Act based upon these allegations. See Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996) (stating PHRA claims were properly treated as coextensive with ADA claims).

constitutional rights, Douris does not have a cause of action under § 1983. Allowing Douris to amend his complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Accordingly, we will dismiss this appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).