

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2006

# Douris v. Atty Gen PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1346

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Douris v. Atty Gen PA" (2006). *2006 Decisions.* Paper 1300.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1300

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**UNREPORTED- NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

―――――――――――

No 05-1346

―――――――――――

JAMES GEORGE DOURIS,

Appellant

v.

OFFICE OF THE PENNSYLVANIA ATTORNEY GENERAL;
BUCKS COUNTY OFFICE OF THE DISTRICT ATTORNEY;
DIANE E. GIBBONS; ARLENE J. ANGELO

―――――――――――――――――――――――

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 03-cv-05661)
District Judge: Honorable R. Barclay Surrick

――――――――――――――――――――――――――

Submitted Under Third Circuit LAR 34.1(a)
February 22, 2005

Before: ROTH, McKEE and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Filed: April 6, 2006)

―――――――――――――

OPINION

―――――――――――――

PER CURIAM

Appellant James Douris, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his complaint under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134 ("ADA"), and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. §§ 951-963 ("PHRA"). For the reasons discussed below, we will affirm the District Court's order.

On October 12 and 13, 2001, Douris went to an auction of confiscated property held by the Bucks County District Attorney's Office. Douris alleges that the Offices of the Pennsylvania Attorney General and the District Attorney, and supervisor Dianne Gibbons, in her official capacity, failed to accommodate his disabilities, which include confinement to a wheelchair, and the inability to use his hands due to arthritis and carpal tunnel syndrome. Douris found no handicapped parking and when he saw a path made of stones, he left. Although he did not enter the warehouse where the merchandise was displayed, he alleges he was unable to fill out bid forms and participate in the auction because of his inability to use his hands. Douris also alleges that the restrooms were inadequate. He seeks injunctive relief, damages, attorneys fees and costs.

The District Court granted the Pennsylvania Attorney General Office's motion to dismiss the complaint, concluding that it is immune from suit under the Eleventh Amendment. The District Court also granted the summary judgment motion of the

2

District Attorney's Office and Gibbons based upon Douris' lack of standing to pursue relief under Title II of the ADA.[1]

In granting summary judgment, the District Court explained that it believed Douris would return to the auction site, but concluded that there is no actual or imminent harm that can be redressed through further litigation because the District Attorney's Office remedied its noncompliance with the ADA. In response to Douris' suit, it hired an expert who found that the site did not comply with the ADA, and recommended measures for compliance. The District Attorney's Office submitted proof that it implemented new procedures, including the provision of handicapped parking and personal assistance to those with disabilities. The District Court decided that these changes removed any impediment to Douris' attendance at future auctions.[2]

The District Court also concluded that Douris is not eligible for attorneys fees because he proceeded pro se, that punitive damages are not available against municipalities under Title II of the ADA, and that compensatory damages are not available absent a showing of intentional discrimination. Concluding that there is no injury that can be redressed, the District Court dismissed the complaint.

---

[1]The District Court stated that its analysis under the ADA applies equally to Douris' PHRA claim. Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996). The District Court also dismissed Douris' claims against Gibbons, in her individual capacity, and Arlene Angelo, an attorney, for failure to state a claim. This ruling is not at issue in this appeal.

[2]Although the Appellees' medical expert examined Douris and concluded that he does not need to be confined to a wheelchair, the District Court did not decide whether Douris is actually so confined.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. Doe v. County of Centre, PA, 242 F.3d 437, 446 (3d Cir. 2001).

Douris argues on appeal that the District Court failed to apply the decision of the United States Supreme Court in Tennessee v. Lane, 124 S. Ct. 1978 (2004), in ruling that the Pennsylvania Attorney General's Office is immune from liability. The issue in Lane was whether Title II of the ADA, as applied to cases implicating the right of access to the courts, constitutes a valid exercise of Congress' authority to enforce the guarantees of the Fourteenth Amendment, thereby allowing Congress to abrogate a State's sovereign immunity. Id. at 1994. In holding that Title II is a valid exercise of such power, the Supreme Court stated that the duty to accommodate is consistent with the due process principle that a State must afford to all individuals a meaningful opportunity to be heard in its courts. Id. This case, however, does not implicate Douris' right of access to the courts. See Miller v. King, 384 F.3d 1248, 1274-75 (11th Cir. 2004) (noting Lane's heavy reliance upon a State's due process obligation to provide access to the courts, and holding that Title II of the ADA does not validly abrogate a State's sovereign immunity as applied in the Eighth Amendment context to state prisons).

Douris also argues that the District Attorney's Office continues to violate the ADA, and points to auctions it has held at other locations. These other alleged violations are not relevant to Douris' present complaint. Finally, Douris contends that the District Attorney's Office must provide a bidet in a restroom at the auction site. The District

4

Attorney's Office's expert report notes that the auction site did not have a public restroom and thus, the accommodation Douris seeks is not required. Douris has not shown that the District Attorney's Office is required to provide a bidet.

Douris has not established that the District Court erred in dismissing his complaint as there is no issue of fact for trial.[3] Accordingly, we will affirm the District Court's order.[4]

---

[3]Douris does not argue that the District Court erred in holding that he lacked standing, and we have not considered the merits of this ruling. Douris does complain that he was denied discovery. To the extent he appeals the order denying his motion to compel discovery, we find no abuse of discretion on the part of the District Court. See Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1310 (3d Cir. 1995).

[4]Douris' motions to strike the briefs of the Appellees, and the Appellees' motion for leave to file a supplemental appendix, are denied. His motion to have the entire District Court record filed is denied. The documents necessary for the disposition of this appeal are available to the Court.

5