

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2006

# Douris v. Newtown Bor Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2015

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Douris v. Newtown Bor Inc" (2006). *2006 Decisions.* Paper 119.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/119

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2015
_____

JAMES GEORGE DOURIS,
Appellant

v.

NEWTOWN BOROUGH, INC.; ANTHONY C. WOJCIECHOWSKI, INDIVIDUAL &
OFFICIAL CAPACITY; COLLEEN ANN ROSENFELD, INDIVIDUAL & OFFICIAL
CAPACITY; COREY HUFF, INDIVIDUAL & OFFICIAL CAPACITY; BRIAN
STEVEN GREGG, INDIVIDUAL & OFFICIAL CAPACITY; SZERLAG,
(UNKNOWN FIRST NAME), INDIVIDUAL & OFFICIAL CAPACITY
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. of PA Civil No. 05-cv-02727)
District Judge:  Honorable R. Barclay Surrick
_____

Submitted Under Third Circuit LAR 34.1(a)
November 27, 2006

Before:  RENDELL, COWEN and VAN ANTWERPEN, <u>Circuit Judges</u>

(Filed: December 7, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

James Douris, proceeding <u>pro se</u>, appeals an order of the United States District

Court for the Eastern District of Pennsylvania denying his motion to proceed in forma pauperis and dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). We will affirm the District Court's order in part and reverse in part.

Douris filed a civil rights action against Newtown Borough and five Borough police officers. In his complaint, Douris alleged that he is disabled, and that the Borough police officers issued him parking tickets after he parked in a no parking zone adjacent to his parents' property. Douris claimed that in issuing the tickets the defendants violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"), and his constitutional rights to due process and equal protection. Douris filed a motion to proceed in forma pauperis in lieu of paying the District Court's fee for filing his complaint.

In denying Douris' motion to proceed in forma pauperis, the District Court stated that Douris had filed eight lawsuits in District Court since 1999, all of which were determined to be without merit. Although Douris declared that he was unemployed and without assets, the District Court concluded that his abuse of the judicial system constituted "extreme circumstances" that justified denying leave to proceed in forma pauperis. The District Court further concluded that, even if Douris was entitled to in forma pauperis status, his complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B) because his claims lacked an arguable basis in law or in fact. The District Court entered an order denying the in forma pauperis motion and dismissing Douris' complaint pursuant to § 1915(e)(2)(B). This appeal followed.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).  We review the District Court's order for an abuse of discretion.  Id.  To the extent the District Court chose, applied, and interpreted legal precepts, our standard of review is plenary.  Id.

In this Circuit, leave to proceed in forma pauperis is based on a showing of indigence.  Id. at 1084 n.5.  The court must review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed in forma pauperis.  Id.  Thereafter, the court considers whether the complaint may be dismissed under § 1915(e)(2)(B).  Id.[1]  As recognized by the District Court, we have noted that "extreme circumstances" might justify denying an otherwise qualified affiant leave to proceed in forma pauperis, but we have not delineated what might constitute such circumstances.  Id.

Here, the District Court erred in ordering both the denial of the motion for leave to proceed in forma pauperis and the dismissal of the complaint under § 1915(e)(2)(B).  Once the District Court determined that in forma pauperis status was not warranted, the District Court should have afforded Douris the opportunity to pay the filing fee before dismissing his complaint for non-payment.  See, e.g., In re Sindram, 498 U.S. 177, 180 (1991) (per curiam) (denying in forma pauperis motion and requiring petitioner to pay the docketing fee if he wished to have his petition considered on the merits).  It is only when

_____

[1]When Deutsche was decided, 28 U.S.C. § 1915(d) set forth the standard for dismissal now set forth in § 1915(e)(2)(B).

3

in forma pauperis status is granted that it is necessary to determine whether dismissal of the complaint is warranted under § 1915(e)(2)(B).  See Deutsche, 67 F.3d at 1084 n.5.

It is unnecessary, however, to remand this case to the District Court for further proceedings.[2]  Douris' financial circumstances qualified him for in forma pauperis status.  Thus, we reverse the District Court's order to the extent it denied Douris' in forma pauperis motion.  As discussed below, dismissal of the complaint was proper under § 1915(e)(2)(B).[3]

A complaint may be dismissed as "frivolous" under § 1915(e)(2)(B) where it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Douris' complaint lacks an arguable legal basis.  Douris complained that the Borough defendants deprived him of his right to freely park his car.  As recognized by the District Court, there is no such federally-protected right.

Douris also claimed a violation of his right to procedural due process based upon the fines the Borough imposed for parking violations.  However, contrary to his claim, Douris alleged in his complaint that he was able to contest the parking citations he received.  See Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (stating that due process requires some form of a hearing before an individual is deprived of a property interest).

[2]See Narin v. Lower Merion Sch. Dist., 206 F.3d 323, 333 n.8 (3d Cir. 2000) (noting the Court may affirm on a ground other than that relied on by the district court).

[3]Because we conclude that dismissal was warranted on this basis, we do not decide whether Douris' numerous lawsuits constitute "extreme circumstances" that justify denying in forma pauperis status.

In addition, Douris' equal protection claim, which appears to be based upon an allegation that other parts of the Borough allowed unlimited parking, is without a legal basis.

Finally, Douris alleged that the Borough violated the ADA by not providing a handicapped parking space next to his parents' property. The ADA, however, does not give Douris the right to park his car in an area that would not be available to him if he were not disabled. See Kornblau v. Dade County, 86 F.3d 193, 194 (11th Cir. 1996).[4]

The District Court correctly determined that Douris' complaint should be dismissed under § 1915(e)(2)(B). Accordingly, we will affirm the District Court's order on this basis.

---

[4]Absent a non-frivolous federal claim, the District Court properly declined to exercise jurisdiction over the state law claims contained in Douris' complaint. See 28 U.S.C. § 1367(c)(3).