

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2008

# Douris v. Huff

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4924

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Douris v. Huff" (2008). *2008 Decisions*. Paper 1777.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1777

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4924
_____

JAMES GEORGE DOURIS,
Appellant

v.

RICHARD HUFF,
INDIVIDUAL AND OFFICIAL CAPACITY
_____

Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D. C. Civil No. No. 06-cv-04957)
District Judge:  Honorable R. Barclay Surrick
_____

Submitted Under Third Circuit LAR 34.1(a)
December 26, 2007

BEFORE: RENDELL, JORDAN and GARTH, Circuit Judges

(Filed: January 9, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

James Douris, proceeding pro se, appeals an order of the United States District

Court for the Eastern District of Pennsylvania denying his motion to proceed in forma

pauperis and dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  We will

affirm the District Court's order.

Douris filed a civil rights action against Richard Huff, a police officer in Newtown Township in Bucks County, Pennsylvania. Douris' constitutional claims arise out of an incident on September 13, 2004, when Huff stopped his car at 6:35 a.m. on Stoopville Road. Huff issued Douris a traffic citation because he disobeyed a "Road Closed" sign. Douris alleged that when he told Huff that he could not sign the citation due to impairments in his hands, Huff told him that he was going to report him to the Pennsylvania Department of Transportation to test his driving capability. Douris further alleged that, while he was detained, Huff issued citations to at least six other drivers.

Douris contested the citation at a hearing and produced a Department of Transportation news release stating that Stoopville Road would be closed at 7:00 a.m. for utility work. Huff told the court that Stoopville Road was closed when he stopped Douris and produced photographs of the "Road Closed" signs. The court found in Douris' favor and dismissed the citation. Douris also passed medical and driving tests administered by the Department of Transportation as a result of Huff's report that his driving capability should be evaluated.

Douris sought leave to proceed in forma pauperis in District Court. The District Court denied Douris' motion because he had filed eight lawsuits in District Court since 1999, all of which were found to lack merit. Although Douris declared that he was unemployed and without income, the District Court concluded that his abuse of the judicial system constituted "extreme circumstances" that justified denying in forma

2

pauperis status. The District Court further concluded that Douris' complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B) because it lacked an arguable basis in law or in fact. The District Court entered an order denying the in forma pauperis motion and dismissing Douris' complaint pursuant to § 1915(e)(2)(B). We have jurisdiction over Douris' appeal pursuant to 28 U.S.C. § 1291. Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).

Leave to proceed in forma pauperis is based on a showing of indigence. Id. at 1084 n.5. The court must review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed in forma pauperis. Id. Thereafter, the court considers whether the complaint may be dismissed under § 1915(e)(2)(B). Id.[1] As recognized by the District Court, we have noted that "extreme circumstances" might justify denying an otherwise qualified affiant leave to proceed in forma pauperis, but we have not delineated what might constitute such circumstances. Id.

The District Court erred in ordering both the denial of the motion for leave to proceed in forma pauperis and the dismissal of the complaint under § 1915(e)(2)(B). Once the District Court determined that in forma pauperis status was not warranted, the District Court should have given Douris the opportunity to pay the filing fee before dismissing his complaint for non-payment. See, e.g., In re Sindram, 498 U.S. 177, 180

[1]When Deutsche was decided, 28 U.S.C. § 1915(d) set forth the standard for dismissal now set forth in § 1915(e)(2)(B).

3

(1991) (per curiam) (denying in forma pauperis motion and requiring petitioner to pay the docketing fee if he wanted his petition considered on the merits). It is only when in forma pauperis status is granted that it is appropriate to determine whether dismissal of the complaint is warranted under § 1915(e)(2)(B). See Deutsche, 67 F.3d at 1084 n.5.

However, we will affirm the District Court's order nonetheless because dismissal of the complaint was proper under § 1915(e)(2)(B).[2] [3] A complaint may be dismissed as "frivolous" under § 1915(e)(2)(B) where it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). We agree with the District Court that Douris' procedural due process claim lacks an arguable legal or factual basis. Douris based this claim on Huff's failure to produce the news release reporting the hours the road was closed and his allegedly false testimony at the hearing. Douris, however, was able to obtain the news release from the township at a cost of fifty cents, and he succeeded in having the citation dismissed. Douris was afforded due process. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (stating that due process requires some form of a hearing before an individual is deprived of a property interest). We also agree with the District Court that Douris' claim under Brady v. Maryland, 373 U.S. 83 (1963), based on Huff's alleged failure to turn over the news release, is meritless. Assuming Huff had a

---

[2]Because we conclude that dismissal was warranted on this basis, we do not decide whether Douris' numerous lawsuits constitute "extreme circumstances" that justify denying in forma pauperis status.

[3]See Narin v. Lower Merion Sch. Dist., 206 F.3d 323, 333 n.8 (3d Cir. 2000) (noting the Court may affirm on a ground other than that relied on by the district court).

duty to produce the release, <u>Brady</u> was not violated because the non-disclosure did not prejudice Douris. <u>United States v. Starusko</u>, 729 F.2d 256, 262 (3d Cir. 1984).

Although not addressed by the District Court, Douris also claimed that Huff violated his constitutional right to travel. We have recognized a right to travel locally through public roadways as a matter of substantive due process, but that right is subject to reasonable time, place, and manner restrictions. <u>Lutz v. City of York, Pa.</u>, 899 F.2d 255, 268-69 (3d Cir. 1990). The news release attached to Douris' complaint reflects that Stoopville Road was closed weekdays between 7 a.m. and 4 p.m. for approximately six weeks in order to install a sanitary sewer line. A detour route was available. Douris does not contend that the road closure was unreasonable. Huff's stop of Douris' car based on the posted "Road Closed" signs did not violate his constitutional right to travel.[4]

Douris also argues that Huff violated his Fourth Amendment rights when he stopped the car. Huff, however, maintained at the hearing that the road on which he stopped Douris was closed, and he produced photographs of the "Road Closed" signs. When Huff pulled Douris over, Huff stated, "did you not see the large signs in the roadway[?]" Complaint at 4. Although the road was not due to close for another twenty-five minutes, there was no Fourth Amendment violation based on the fact that Huff was mistaken. <u>See</u> <u>United States v. Delfin-Colina</u>, 464 F.3d 392, 398 (3d Cir. 2006) (stating

_____

[4]In his brief, Douris contends that Huff violated the Commerce Clause because he was en route to New Jersey. Douris does not allege that the road closure burdened interstate commerce, and he does not state a claim under the Commerce Clause. <u>See</u> <u>id.</u> at 265.

5

that an officer need not be factually accurate in his belief that a traffic law was broken; he need only produce facts showing a reasonable belief that there was a violation).

Finally, Douris' claim that Huff violated the Americans with Disabilities Act lacks an arguable basis in law or fact. Huff did not only stop Douris, who is allegedly disabled, but he also stopped six other drivers. Douris' allegations do not suggest that Huff acted in a discriminatory manner. Douris also does not state an ADA claim based on Huff's report to the Department of Transportation that his driving capability should be evaluated. See Theriault v. Flynn, 162 F.3d 46, 50 (1st Cir. 1998) (holding there was no ADA violation where motorist with cerebral palsy was required to take a road test based on an officer's observation that he could not complete paperwork due to his shaking hands).

Because the District Court correctly determined that Douris' complaint should be dismissed under § 1915(e)(2)(B), we will affirm the District Court's order on this basis.[5]

---

[5]Douris's motion for sanctions, supplemental motion for sanctions, motion to reconsider the Clerk's order of September 25, 2007, and second motion for sanctions are denied. We also deny Huff's motion for sanctions, although we note that the costs of this appeal will be taxed against Douris because his appeal is meritless. That Douris filed a motion for sanctions against Huff indicates a sad failure to appreciate when enough is enough. Should he continue to pursue legally frivolous claims against Huff, Douris should expect no further tolerance from the courts.