BLD-152                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1177
_____

JAMES GEORGE DOURIS,
                              Appellant

v.

UPPER MAKEFIELD TOWNSHIP
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:10-cv-01469)
District Judge:  Honorable R. Barclay Surrick
_____

Submitted for Possible Summary Action Pursuant to Third
Circuit LAR 27.4 and I.O.P. 10.6

March 29, 2012
Before:  SCIRICA, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed : April 12, 2012)
_____

OPINION
_____

PER CURIAM[1]

James Douris, a frequent litigant before this Court,[2] sued Upper Makefield Township for alleged violations of the Constitution and federal law. He proceeded pro se and was granted in forma pauperis status. During motions practice, and in support of a

---

[1] In light of the Clerk's order of January 27, 2012, this opinion is presented in Courier New 14-point monospace font.

[2] See Douris v. Middletown Twp., 353 F. App'x 672 (3d Cir. 2009) (appeal dismissed as frivolous); Douris v. Newtown Borough, No. 07-4427, 2009 WL 90848 (3d Cir. Jan. 15, 2009) (affirming denial of in forma pauperis status); Douris v. Middletown Twp., 293 F. App'x 130 (3d Cir. 2008) (affirming denial of in forma pauperis status, while remanding for reconsideration of an order entered without jurisdiction); Douris v. Huff, 260 F. App'x 441 (3d Cir. 2008) (affirming District Court's dismissal of complaint under 28 U.S.C. § 1915(e)(2)(B)); Douris v. Newtown Borough, Inc., 207 F. App'x 242 (3d Cir. 2006) (same); Douris v. Office of the Pa. Att'y Gen., 174 F. App'x 691 (3d Cir. 2006) (affirming dismissal of complaint); Douris v. Bucks Cnty., 145 F. App'x 735 (3d Cir. 2005) (dismissing appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)); Douris v. Genuardi's Family Mkts., Inc., 132 F. App'x 425 (3d Cir. 2005) (affirming grant of summary judgment); Douris v. Rendell, 100 F. App'x 126 (3d Cir. 2004) (table); Douris v. Dougherty, 90 F. App'x 434 (3d Cir. 2004) (table); Douris v. Cnty. of Bucks, 85 F. App'x 870 (3d Cir. 2003) (table).

motion for default judgment, Douris submitted a document to the District Court that appeared to have been modified to show an earlier service date. Compare Pl. Adds to Pl.'s Claim of J. by Default Ex. 1, ECF No. 13, with Process Receipt, ECF No. 5. Upper Makefield Township asked the District Court to sanction Douris by dismissing his complaint, a motion that Douris did not meaningfully oppose. The Court concluded that Douris had "made a material misrepresentation" in his submissions, and found this "outrageous" action—otherwise unexplained by Douris—to merit dismissal with prejudice. See Order, ECF No. 17. In response, Douris filed a motion accusing the District Court of being "in violation of the law" for not accommodating his disabilities (the "July 25 motion"). The motion was denied, and this appeal followed.

We have jurisdiction under 28 U.S.C. § 1291,[3]

---

[3] The District Court dismissed Douris's complaint by an order entered on the civil docket on July 21, 2011. The order, which contained reasoning explaining the decision to dismiss (albeit through the use of

3

reviewing the District Court's decision to dismiss the complaint as a sanction for abuse of discretion while evaluating its factual findings for clear error.[4]  In re Ronco, Inc., 838 F.2d 212, 217 (7th Cir. 1988);  Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868

---

footnotes), did not satisfy the requirements of Fed. R. Civ. P. 58, also known as the "separate document" or "separate judgment" rule.  To be in compliance with Rule 58, an order must substantially "omit[] the District Court's reasons for disposing of the parties' motions as it did."  Local Union No. 1992 of IBEW v. Okonite Co., 358 F.3d 278, 285 (3d Cir. 2004); see also LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007).  Because the order contained substantial reasoning, and was therefore not in compliance with Rule 58, the time of its entry was set at 150 days after its appearance on the civil docket, which we calculate to be Sunday, December 18, 2011. See Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii); UAW Local 259 Soc. Sec. Dep't v. Metro Auto Ctr., 501 F.3d 283, 287 (3d Cir. 2007).  Since the last day of the period was a Sunday, the order was entered the next day: Monday, December 19, 2011.  See Fed. R. Civ. P. 6(a)(1)(C); Fed. R. App. P. 26(a)(1)(C).  Douris was then required to file his notice of appeal within thirty days, see Fed. R. App. P. 4(a)(1)(A); the District Court docket reflects an on-time filing on January 18, 2012.

[4]  We detect no such error in the District Court's central factual finding: that Douris modified the process receipt in support of his motion for default judgment.

4

(3d Cir. 1984). Recognizing that dismissal is a sanction of last resort, we focus on whether the District Court properly balanced the Poulis factors[5] in deciding to dismiss the complaint. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). "In balancing the Poulis factors, we do not have a 'magic formula' or 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008) (citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)).

While not invoking Poulis by name, the District Court appears to have appropriately weighed relevant

---

[5] These factors are: "(1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary . . . ; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense." Poulis, 747 F.2d at 868 (emphasis in original). "Not all of these factors need be met for a district court to find dismissal is warranted." Hicks, 850 F.3d at 156.

5

factors, addressing the egregiousness of Douris's conduct and his apparent lack of contrition. As a pro se litigant, Douris alone was responsible for the content of his submissions. Further, Douris's history of "frivolous" and "abusive" filings was well known to the Court. See Order n.1 (citing Douris v. Middletown Twp., 293 F. App'x 130, 132-33 (3d Cir. 2008)). Douris was given an opportunity to correct the record or withdraw his motion,[6] but did not do so, and failed to address the discrepancy observed by the defendant and the District Court—a plausible sign of both willfulness and bad faith.

The District Court did not specifically discuss the

---

[6] According to the defendant, Douris was notified by mail on April 11, 2011, of his material misrepresentation and the possible consequences, and was given time to withdraw the material or explain his conduct. See Mot. for Sanctions ¶ 5, ECF No. 16. The defendant had originally pointed out the sanctionable conduct to the Court in its response of April 8. See Resp. ¶¶ 1, 3, ECF No. 14. More than two months elapsed between the motion for sanctions and the District Court's decision, with no response from Douris.

final two relevant Poulis factors: the effectiveness of alternative sanctions and the meritoriousness of the claim. Despite this, we do not find reversible error under the deferential standard of review that controls. See Guyer v. Beard, 907 F.2d 1424, 1429-30 (holding that conduct by a litigant can be so "contumacious" that a district court need not specifically write about each of the Poulis considerations). With regard to alternative sanctions, such as financial penalties, the District Court's options were limited by Douris's pro se and in forma pauperis status. See Briscoe, 538 F.3d at 262-63. As to the meritoriousness of Douris's complaint, we note his history of frivolous suits.[7]

All in all, we must conclude that the District Court acted within its discretion when it dismissed Douris's complaint based on his willingness to falsify

---

[7] We have noted that both the decision to impose sanctions and their extent can be guided by "equitable considerations," which may include a history of filing frivolous actions. See Doering v. Union Cnty. Bd. of Chosen Freeholders, 857 F.2d 191, 197 n.6 (3d Cir. 1988).

7

documents at an early stage of litigation and his refusal to withdraw the misrepresentation. "[I]t is arguable that a litigant who defrauds the court should not be permitted to continue to press his case [in certain circumstances]." Allen v. Chi. Transit Auth., 317 F.3d 696, 703 (7th Cir. 2003) (Posner, J.).[8] We further conclude that the District Court correctly denied Douris's July 25 motion, which had requested no easily discernible relief; and while Douris demonstrated that various District Court documents were sent to the wrong address, he does not appear to have been prejudiced by this error.

In sum, finding no substantial question to be presented by this appeal, we will summarily affirm. United States v. Rhines, 640 F.3d 69, 72 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; IOP 10.6.

---

[8] See also Garcia v. Berkshire Life Ins. Co. of Am., 569 F.3d 1174, 1182 (10th Cir. 2009) ("[T]he affirmative submission of false evidence is, at minimum, akin to a fraud on the court, which other courts have found may justify the sanction of dismissal." (citing Allen)).